J-S29035-17

2017 PA Super 133

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                                :
        v.                      :
                                :
                                :
GREGORY BROWN                   :
                                :
        Appellant               : No. 3186 EDA 2015

Appeal from the PCRA Order October 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0802711-2005

BEFORE:   LAZARUS, SOLANO, JJ., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                   **FILED MAY 04, 2017**

Appellant Gregory Brown appeals from the trial court's order entered

in the Court of Common Pleas of Philadelphia County on October 2, 2015,

dismissing his first petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Following a careful review, we

affirm.

A panel of this Court previously set forth the relevant facts and

procedural history herein as follows:

> Appellant's conviction stems from his assault on 26 year-
> old, Complainant [S.L.], in the early morning of October 31,
> 2004, at her apartment at 1051 E. Mount Airy Avenue in the city
> and county of Philadelphia. Appellant lived with his girlfriend,
> Tonya Feggens, in the same apartment building as Complainant,

_____

[*] Former Justice specially assigned to the Superior Court.

and was Complainant's drug supplier. At approximately 2 a.m., Complainant awoke to hear Appellant knocking on her door, holding a vacuum cleaner in his hand. He told Complainant that T[o]nya was getting evicted, and asked her whether she wanted to buy the vacuum cleaner from him. When she said no, Appellant told her she could have the vacuum, then asked her how much for a hug, telling her it would be the last time he would see her. Complainant opened the door partially to give Appellant a hug, and he pushed the door open and closed it behind him.

Appellant, at 6' 2'' and 280 pounds, pushed Complainant (5' 8'', 110 pounds) to the floor and held her down with his forearm. As she lay on her back, Appellant covered Complainant's mouth with his hand and started taking her clothes off. Complainant was scared, and pleaded with Appellant — telling him to stop, telling him she needed to take a shower, and that she'd had an abortion – but he continued pulling her clothes off until her pants and shorts were completely removed. Appellant told her to "Shut up" and put his fingers in Complainant's vagina. He also attempted to put his penis in her vagina, but could only put the tip in, because he was not erect. Appellant was interrupted by his girlfriend banging on the front door, then told Complainant "he would kill her if she said anything," and continued to try and penetrate her further with his penis.

Appellant's girlfriend returned to Complainant's door several times, and continued to bang on the door, and Appellant took his penis out of Complainant's vagina without ejaculating. When Appellant got off of her, Complainant ran to the door and told T[o]nya that Appellant had raped her. Complainant ran into the laundry room across the hall, while Appellant left the apartment. While Appellant was fighting with his girlfriend in the hallway, Complainant ran back into her apartment, locked the door, and called her aunt, [Michelle J.], and told her what happened. Complainant called police, then called Michelle back, and stayed on the phone with her until they arrived approximately ten minutes later. Police officers Arthur Armstrong and Megan Marks responded to the call, noting that when they arrived Complainant was visibly upset, and wearing only a hip-length t-shirt, naked from the waist down.

They took Complainant's statement, and took pictures of the scratches on her forearms and face, then transported her to Episcopal Hospital, where she was given a rape kit, before giving her statement to SVU detective Victoria Smith. Complainant was

treated for light scratches on her face and arms, but there was no bruising on her body. There was no hair or seminal fluid from Appellant found on Complainant, and no DNA matching Appellant's was found in her vagina or cervix. Appellant was arrested [in Georgia] pursuant to a warrant on June 28, 2005. Trial Court Opinion, 1/28/08, at 1-3. During his direct examination, Appellant testified that the victim consented to his sexual conduct because she had agreed to give Appellant sex in exchange for drugs. Appellant informed the jury that on at least ten prior occasions, S.L. had performed sexual favors for him and he had given her drugs in return.

Based on this evidence, Appellant was convicted of sexual assault and acquitted of rape, burglary, and trespass. The district attorney agreed to withdraw the charges of simple assault, reckless endangerment, unlawful restraint, false imprisonment, aggravated indecent assault, indecent assault, and indecent exposure.

Based on his commission of a predicate offense, Appellant was referred to the Sexual Offenders Assessment Board. The Commonwealth filed notice of its intent to proceed under 42 Pa.C.S. § 9714,[1] mandatory sentence for second or subsequent offenses, based upon Appellant's previous conviction of a crime of violence. On January 11, 2007, after the court determined that Appellant was not a sexually violent predator, Appellant was sentenced in accordance with § 9714 to ten to twenty years imprisonment. This timely appeal followed.

_____
[1] 42 Pa.C.S.A. § 9714 (1) provides:
Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

**Commonwealth v. Brown**, No. 429 EDA 2007, unpublished memorandum

at 1-4 (Pa. Super. filed March 8, 2010).

On direct appeal, Appellant maintained he had been denied his

constitutional right to confront S.L. due to the trial court's prohibiting him

from questioning S.L. regarding their prior, consensual sexual encounters on

- 3 -

cross-examination. This Court ultimately affirmed Appellant's judgment of sentence. In doing so, we determined Appellant waived this issue because defense counsel never had attempted to cross-examine S.L. about whether she had agreed with Appellant to trade sexual favors for drugs and whether the two had engaged in such transactions in the past. *Id*. 5 citing N.T. Trial, 4/24/06, at 144-77. Additionally, this Court found Appellant had waived this claim for his failure to raise it in his Pa.R.A.P. 1925(b) statement. Instead, Appellant confined his issues raised therein to matters concerning a potential witness, Lonnie Crawford. *Id*. at 6. Our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Brown*, 608 Pa. 615, 8 A.3d 340 (2010).

Appellant filed a timely PCRA petition, *pro se*, on August 15, 2011. Counsel was appointed and filed an amended petition on February 3, 2015, and a Supplemental Amended Petition on July 15, 2015, raising various claims of trial counsel's ineffectiveness. After providing Appellant with notice under Pa.R.CrimP. 907, the PCRA court dismissed Appellant's petition without an evidentiary hearing on October 2, 2015, upon finding the issues presented therein lacked arguable merit. Appellant filed a timely notice of Appeal on October 22, 2015.

In an Order entered on October 28, 2015, the PCRA court directed Appellant to file a concise statement of the matters complained of on appeal pursuant to Rule 1925(b), and Appellant filed the same on November 5,

- 4 -

2015. In his brief, Appellant presents the following Statement of the Questions Involved:

  I. Whether the court erred in denying [ ] Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]
  II. Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective?[1]

Brief for Appellant at 9.[2]

---

[1] We note Appellant's brief is in violation of Pa.R.A.P. 2119(a), which provides that "[t]he argument shall be divided into as many parts as there are questions to be argued," in that it is not divided into sections that correlate with the questions presented. While the Statement of the Questions Presented consists of two issues, the Argument portion of the brief contains Section I entitled "The PCRA Court Erred in Denying Appellant's PCRA Petition Without An Evidentiary Hearing," and Section II entitled "The PCRA Court Was In Error In Not Granting Relief On The Issue That Counsel Was Ineffective" under which are subsections A-D. Appellant introduces a distinct question for review in each subsection of Section II.

[2] The Commonwealth did not comply with our January 3, 2017, *per curiam* Order which granted it a second extension of time in which to file an appellate brief with a due date of February 27, 2017. The Order specifically stated that no further extensions would be granted absent extraordinary circumstances. Notwithstanding, the Commonwealth sought a third extension of time in which to file a brief on February 27, 2017. We denied the same in a *per curiam* Order filed on February 28, 2017. The Commonwealth did not file its appellate brief until April 10, 2017. As it filed its brief at this late juncture, we will not consider it in reaching our decision. **See Commonwealth v. Tisdale**, 100 A.3d 216, 217, n. 4 (Pa.Super. 2014) (arguments advanced in untimely Commonwealth brief will not be considered). We disapprove of the Commonwealth's flouting our January 3, 2017, Order.

In PCRA proceedings, this Court's scope of review is limited by the PCRA's parameters. Since most PCRA appeals involve mixed questions of fact and law, the standard of review we apply is whether the PCRA court's findings are supported by the record and free of legal error. *Commonwealth v. Pitts*, 603 Pa. at 1, 7, 981 A.2d 875, 878 (2009).

> Pursuant to Rule 907, a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings. Pa.R.Crim.P. 907(1); *Commonwealth v. Roney*, 622 Pa. 1, 79 A.3d 595, 604 (2013).

*Commonwealth v. Burton,* 2017 WL 1149203, at *2 n. 4 (Pa. Mar. 28, 2017).

Counsel is presumed effective, and an appellant has the burden of proving otherwise. *See Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa.Super. 2004). "In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which ... so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa.Super. 2005) (citation omitted).

> To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that (1): the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the [reasonable basis] prong, we will conclude that

- 6 -

counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the [prejudice] prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

*Commonwealth v. Spotz*, 610 Pa. 17, 44-45, 18 A.3d 244, 260 (2011) (internal quotation marks and citations omitted).

Appellant initially claims the PCRA court erred in dismissing his petition without an evidentiary hearing. As shall be discussed *infra*, Appellant has presented no issues of material fact; therefore, no further purpose would have been served had the PCRA court held an evidentiary hearing, because Appellant is not entitled to post conviction collateral relief. Accordingly, the PCRA court properly dismissed Appellant's PCRA petition without a hearing. *Burton*, *supra*.

Appellant next avers trial counsel had been ineffective for failing to cross-examine S.L. regarding her alleged past sexual conduct with Appellant where he had presented a consent defense at trial. When considering this claim in its Rule 1925(a) Opinion, the PCRA court reasoned that little was to be gained by such questioning:

> Rather than pursuing a fruitless attempt to confront the victim with something she surely would have denied, trial counsel chose instead to attack the victim's credibility by effectively bringing out inconsistencies in her memory of the event as well as the fact that she had repeatedly lied about being on drugs on the evening of the assault. In doing so, trial counsel called into questions [sic] the veracity of the victim's testimony and undermined her ability to recall the assault. Thus, trial counsel

- 7 -

> cannot be deemed to have acted unreasonably in choosing not to confront the victim on the unfounded allegation that she had a history of exchanging sex for drugs with [] Appellant. For this reason alone Appellant's claim fails.

Trial Court Opinion, filed 7/15/16, at 6 (citations omitted). The PCRA court proceeded to find Appellant also failed to establish the prejudice prong of the ineffectiveness test. The court reasoned that even if the jury deemed testimony that Appellant routinely had traded sex with S.L. for drugs to be credible, such statements could not disprove that Appellant raped S.L. on October 31, 2014, especially in light of testimonial and physical evidence that S.L. bore marks on her body and face consistent with her report of the attack. *Id*. at 6-7 citing N.T., 4/24/06, at 228-29.

In response, Appellant generally avers that if S.L. had denied having had a sexual history with him, arguable merit still existed as to whether trial counsel's failure to cross-examine her regarding her past sexual conduct adversely affected the outcome of his case. Brief for Appellant at 19. While Appellant acknowledges trial counsel "had already called into the question the credibility of [S.L.]" Appellant baldly concludes counsel should have questioned her further regarding her sexual history, because "the confrontation of the sexual history between [S.L.] and [ ] [Appellant] is crucial when establishing a consent defense." *Id*. Appellant concludes that he "suffered prejudice for trial attorney's failure to confront the sexual history of the complainant and Appellant," and that "[a] different verdict of the jury would have likely resulted" had he done so. *Id*. at 19-20.

While we question the propriety of the trial court's speculating as to whether S.L. would have denied any sexual arrangement with Appellant on cross-examination, we find it did not err in finding no merit to Appellant's claim. Appellant has presented only general allegations to support his assertions of trial counsel's ineffectiveness in this regard and in doing so ignores the fact that defense counsel otherwise challenged S.L.'s credibility repeatedly at trial.

On direct examination S.L. conceded Appellant had supplied her with cocaine, which she used recreationally, and claimed that prior to October 31, 2004, she had not purchased drugs from Appellant for over six months. N.T., 4/24/06, at 105-106. Yet, S.L. admitted on cross-examination that she had injected cocaine that evening, although she told police that no drugs had been involved and she had no relationship with Appellant prior to that time. *Id*. at 162-63, 175. S.L. also admitted she did not scream or otherwise attempt to forcibly stop Appellant from touching her and that her clothing bore no rips or tears. *Id*. at 159-160. S.L. acknowledged she had committed perjury during her preliminary hearing when she denied knowing Appellant. *Id*. at 167-168.

In addition, Appellant testified in his own defense and stated that he routinely had provided the victim with drugs in exchange for sex. N.T., 4/25/06, at 23-30. Appellant further explained that on the night in question, he had agreed to provide S.L. with an amount of cocaine worth forty dollars

in exchange for sex. *Id*. As S.L. had not been cross-examined about such an arrangement, Appellant's testimony remained uncontradicted and supported his position that he was "being tried on the word of a liar," because there was no rape or burglary. *See* N.T. Trial, 4/24/06, at 92-95. Trial Counsel will not be deemed ineffective for pursuing a particular trial strategy so long as the chosen course was reasonable. *Commonwealth v. Rivers*, 567 Pa. 239, 786 A.2d 923, 930 (2001).

Moreover, Appellant has failed to prove he was prejudiced by counsel's tactics. The crux of Appellant's argument is that had trial counsel established through cross-examination of S.L. that she routinely had had sexual relations with Appellant in the past in exchange for drugs, the jury likely would have concluded that the encounter at issue herein, too, had been consensual. However, had S.L. admitted she exchanged sex for drugs with Appellant in the past, her admission would have provided little additional insight into the specific events surrounding the sexual offenses for which Appellant was on trial, especially in light of his own testimony that the two had, in fact, entered into a similar agreement on October 31, 2004. In fact, even had trial counsel questioned S.L. about prior sexual encounters with Appellant, the Commonwealth presented ample evidence that the incident on October 31, 2004, had not been consensual.

Michelle J., S.L.'s aunt, testified S.L. called her crying and distraught immediately following the incident at which time she revealed Appellant had

just forced his way into her apartment and raped her. Michelle J. never had received such a call from S.L. in the past, which prompted her to instruct her niece to call the police. N.T. Trial, 4/24/06, at 190-95. Officer Arthur Anderson testified that when he arrived at S.L.'s home in response to a radio call, S.L. was "disturbed," crying and shaking and indicated she had been raped. *Id.*, at 199-201. Detective Victoria Smith stated that when she interviewed S.L. at the Special Victim's Unit that evening, she observed scratches on S.L.'s neck, face and right arm. *Id.*, at 233-34. Physical evidence in the form of medical records and photographs of S.L.'s injuries presented at trial bolstered this testimony. *Id*. at 236-38.

Aside from the cursory conclusion that trial counsel's failure to cross-examine S.L. regarding her past sexual contact with Appellant "adversely affected the outcome of the case," and a bald citation to ***Commonwealth v. Paolello***, ____ Pa. _____, 665 A.2d 439 (1995),[3] Appellant has not developed an argument that counsel had no reasonable basis not to engage in that line of questioning or that there was a reasonable probability that, but for counsel's alleged unprofessional error the result of the proceedings would have been different. ***See*** Appellant's Brief at 18-19. Therefore, Appellant has failed to establish any of the three prongs necessary to prove an ineffectiveness claim. ***See Spotz, supra***.

_____

[3] Therein, our Supreme Court discussed various claims of ineffectiveness of trial counsel. ***See id***. at 75-79, 665 A.2d at 454-55.

Appellant next argues that trial counsel had been ineffective for failing to present two witnesses, Lonnie Crawford and Tonya Feggens, at trial.

> "To be entitled to relief on a claim of ineffectiveness for failure to call a witness, [an] appellant must demonstrate [that]: the witness existed, was available, and willing to cooperate; counsel knew or should have known of the witness; and the absence of the witness's testimony prejudiced [the] appellant." **Commonwealth v. Birdsong**, 611 Pa. 203, 24 A.3d 319, 334 (2011) (citing **Commonwealth v. Fletcher**, 561 Pa. 266, 750 A.2d 261, 275 (2000)). A PCRA petitioner cannot succeed on such a claim if the proposed witness' testimony "would not have materially aided him. In such a case, the underlying-merit and prejudice prongs of the [ineffective assistance of counsel] test logically overlap." **Commonwealth v. Baumhammers**, 625 Pa. 354, 92 A.3d 708, 725 (2014). "To show prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's allegedly unprofessional conduct, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." **Id.** (citing **Commonwealth v. Gibson**, 597 Pa. 402, 951 A.2d 1110, 1120 (2008)).

**Commonwealth v. Johnson**, ___ Pa. _____, 139 A.3d 1257, 1284 (2016).

Herein, Appellant failed to provide the PCRA court with affidavits or certifications from either Mr. Crawford or Ms. Feggens stating that he or she had been willing and available to testify on his behalf at trial and describing the proffered testimony. Upon this basis alone, the PCRA court could have rejecting Appellant's claim without holding an evidentiary hearing. **See Commonwealth v. Khalil**, 806 A.2d 415, 422-23 (Pa.Super. 2002) (holding trial counsel not ineffective for failing to call alleged witness where Appellant failed to provide affidavits indicating the putative witness's availability and willingness to testify on appellant's behalf).

Importantly, the record establishes defense counsel and the Commonwealth did attempt to present Mr. Crawford and Ms. Feggens at trial, to no avail. N.T. Trial, 4/20/06, at 14, 21-24; 4/24/06, at 8, 25-47, 253-57). In fact, Appellant admits defense counsel had sought a continuance to investigate and subpoena Mr. Crawford as a witness, but the trial court denied the same. In light of Appellant's failure to show Mr. Crawford and Ms. Feggens were willing and available to testify on his behalf at trial, this claim must fail. **Commonwealth v. Johnson**, 815 A.2d 563, 579 (Pa.Super. 2002).

Appellant further avers that due to trial counsel's ineffectiveness, the sentencing court calculated his criminal history and sentenced him incorrectly. Specifically, Appellant reasons that trial counsel should have informed the court that a prior burglary conviction did not constitute a "crime of violence" under the mandatory minimum sentencing statute for second and subsequent offenses. Appellant adds that counsel should have asked the sentencing court to have his time of incarceration commence from the date of his arrest on June 3, 2005, and not from June 28, 2005, the date upon which he was extradited to Philadelphia. Brief for Appellant at 22.

A sentencing court is required to impose a minimum prison sentence of at least ten years where a defendant has been convicted of a second "crime of violence." 42 Pa.C.S.A. § 9714. The term "crime of violence" is defined in the statute as including, *inter alia*, rape, sexual assault, and

- 13 -

certain types of Burglaries. 42 Pa.C.S.A. § 9714(g). A burglary is considered a crime of violence where the premises have been adapted for overnight accommodation and a person was present. *Id*. citing 18 Pa.C.S.A. § 3502(a)(1).

In setting forth his argument, Appellant references his Supplemental Amended PCRA Petition wherein he indicated he presented evidence that no one had been present when he burglarized a deli in 1991 and allegedly attached the court summary, complaint, bill of information and sentencing transcripts of 9/30/91 thereto and labeled them "Appendix A." Brief for Appellant at 23. However, our attempt to review the attached documents was futile, for the copies of all but the court summary are either partially or totally illegible. In fact, the purported copy of the Transcript from the preliminary hearing consists of nothing more than blank pages with intermittent ink smudges. Our law is unequivocal that an appellant bears the responsibility to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. *Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa.Super. 2008). Therefore, "we can only repeat the well established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review.'" *Id.* (citation omitted).

Deprived as we are of the documents essential to a meaningful review of Appellant's sentencing claim, we could find this issue to be waived; however we decline to do so as the PCRA court observed that in his supplemental petition "Appellant did present some old court documents that showed that no one was present at the deli he burglarized." Trial Court Opinion, filed 7/15/16, at 9. Notwithstanding, in setting forth his argument, Appellant disregards that during his *voir dire* hearing held on April 20, 2006, it was revealed that in addition to his prior burglary conviction, he had a prior rape conviction which itself constituted a crime of violence. N.T. *Voir Dire*, 4/20/06, at 8-9. Defense counsel reiterated the Commonwealth had offered Appellant eight (8) years to sixteen (16) years in prison. Counsel informed Appellant that were he convicted of the charges in the instant matter, in light of his prior convictions, he was subject to a minimum prison term sentence of ten (10) years to twenty (20) years and possibly a twenty-five (25) years to life in prison sentence if his prior robbery conviction were to constitute a crime of violence, in which case a conviction in the instant matter would constitute a third strike. *Id*. at 9-10. Defense counsel further clarified that Appellant understood "the prior rape would be the strike one." *Id*. at 10-11.

At Appellant's sentencing hearing, the prosecutor informed the sentencing court Appellant had a prior conviction for burglary and in response to the sentencing court's query indicated that someone had been

present. The sentencing court concluded Appellant's conviction herein, therefore, constituted a second conviction for a crime of violence and imposed the mandatory minimum sentence of ten (10) years' to twenty (20) years' incarceration. N.T. Sentencing, 1/11/07, at 19. The sentencing court stated that even were it not required to sentence in accordance with the second strike statute "[it] would probably give him ten to twenty. Look, it was egregious [referencing Appellant's assault on S.L.]." N.T. Sentencing, 1/11/07, at 14. Although given an opportunity to speak to the sentencing court, Appellant did not challenge the prosecutor's representation, and simply claims herein he "told" defense counsel to relay contradictory information, although counsel inexplicably chose to say nothing.

In light of the foregoing, even if Appellant's unsubstantiated claim he had informed trial counsel at the time of sentencing that no one was present during the prior burglary and that the premises were not adapted for overnight accommodation were deemed to be true, the mandatory minimum sentence still applied in light of his prior rape conviction. Therefore, Appellant has failed to prove he was prejudiced by counsel's alleged failure to inform the sentencing court of the specific nature of his prior burglary conviction.

Appellant also avers in a single sentence that trial counsel was ineffective for failing to ensure his time of incarceration commenced at the date of his arrest, not the date of his extraction to Philadelphia. Brief for

Appellant at 22. However, Appellant's failure to properly develop this claim and to set forth applicable case law to advance it in the argument portion of his brief renders this issue waived. ***Commonwealth v. Ellis***, 700 A.2d 948, 957 (Pa.Super. 1997) (holding waiver results if an appellant fails to properly develop an issue or cite to legal authority to support his contention in his appellate brief).[4]

Appellant devotes a half-page argument to the development of his final issue that appellate counsel had been ineffective for failing to raise on direct appeal in a Rule 1925(b) statement that the trial court improperly precluded him from cross-examining S.L. regarding her prior sexual encounters with Appellant. Brief of Appellant at 24. Appellant has failed to properly develop this claim. ***Ellis***, ***supra***. Notwithstanding, even if appellate counsel had included this issue in a Rule 1925(b) statement, this Court would have been unable to review it since, as stated previously, trial counsel did not cross-examine S.L. concerning her alleged agreement to trade sex for drugs with Appellant, and there had been no trial court ruling concerning

---

[4] We note that at both the *voir dire* and sentencing hearings, the trial court and sentencing court, respectively, stated Appellant would receive credit for the time he had served in prison while in custody, and the Commonwealth did not dispute that Appellant was entitled to receive such a credit. ***See*** N.T. Voir Dire, 11/20/06, at 9; N.T. Sentencing, 1/11/07, at 19. Accordingly, even if properly developed, this claim of ineffective assistance of counsel would fail.

the alleged sexual history between the two. Trial Court Opinion, filed 7/15/16, at 10. Therefore, we conclude this claim is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2017