J-S60032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN EDWARD HALL, II | : | |
| | : | |
| Appellant | : | No. 273 WDA 2017 |

Appeal from the PCRA Order January 12, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000055-2013

BEFORE: OLSON, DUBOW, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED SEPTEMBER 15, 2017**

Appellant John Edward Hall appeals from the order entered by the Court of Common Pleas of Erie County denying Appellant's petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Appellant raises four claims of ineffective assistance of counsel. We affirm.

On September 17, 2013, a jury convicted Appellant of sexual assault and indecent assault stemming from Appellant's interaction with a female college student in the early morning hours of October 1, 2012. On the previous evening, the victim attended a party at an off-campus residence where she consumed alcoholic beverages. At the end of the night, the victim, admittedly "buzzed" from alcohol, fell asleep in an upstairs bedroom.

---

[1] 42 Pa.C.S. §§ 9541-9546.

---

\* Former Justice specially assigned to the Superior Court.

The victim asserted that when she awoke in the dark bedroom, she discovered a man had pulled her bra and shirt up to her neck and was attempting to take her pants off. Although the victim attempted to resist her attacker, the man held her down and forced his penis into her vagina. As the victim continued to hit her attacker across the face, the assailant moved away from the victim, got dressed, and moved to the door. From the outside light in the hall, the victim was able to identify her attacker as Appellant. At trial, Appellant testified that he and the victim had consensual sexual intercourse while he was intoxicated.

After Appellant was convicted of the aforementioned offenses, the trial court sentenced Appellant to an aggregate term of three to six years' incarceration. Appellant filed a post-sentence motion, which the trial court denied. On November 3, 2014, this Court affirmed the judgment of sentence. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On December 3, 2015, Appellant filed this timely, counseled PCRA petition. On June 27, 2016, the PCRA court held an evidentiary hearing. On September 12, 2016, Appellant filed an amended PCRA petition with leave of court. On January 12, 2017, the PCRA court filed an order and an opinion dismissing Appellant's petitions. On February 8, 2017, Appellant filed this timely appeal.

Appellant raises four issues for our review on appeal:

I. The PCRA court erred in concluding that trial counsel was not ineffective for failing to discuss with [Appellant] the crucial nature of character witnesses; for failing to investigate, interview, and consider potential character witnesses; and for failing to call character witnesses on Hall's behalf where evidence of Hall's good character would have been enough to establish reasonable doubt.

II. The PCRA Court erred in concluding that trial counsel was not ineffective for failing to ask the Court to include a jury instruction on prior inconsistent statements during the final instructions to the jury.

III. The PCRA Court erred in concluding that trial counsel was not ineffective for pursuing an unreasonable trial strategy in a sex assault case, which consisted of establishing that the victim was too intoxicated to remember what happened during the incident.

IV. The PCRA Court erred in concluding that trial counsel was not ineffective in handling the Commonwealth's expert witness, Dr. Larson.

Appellant's Brief, at 6.

In reviewing the lower court's decision to deny Appellant's PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Mitchell*, --- Pa. ---, 141 A.3d 1277, 1283–84 (2016). In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in 42 Pa.C.S. § 9543(a)(2), which includes the ineffective assistance of counsel.

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's

performance was deficient and that such deficiency prejudiced him."
*Commonwealth v. Koehler*, 614 Pa. 159, 36 A.3d 121, 132 (2012) (citing
*Strickland v. Washington*, 466 U.S. 688, 687-91 (1984)). To prevail on
an ineffectiveness claim, the petitioner has the burden to prove that "(1) the
underlying substantive claim has arguable merit; (2) counsel whose
effectiveness is being challenged did not have a reasonable basis for his or
her actions or failure to act; and (3) the petitioner suffered prejudice as a
result of counsel's deficient performance." *Commonwealth v. Sneed*, 616
Pa. 1, 17, 45 A.3d 1096, 1106 (2012) (quoting *Commonwealth v. Pierce*,
567 Pa. 186, 786 A.2d 203, 213 (2001)). "A petitioner establishes prejudice
when he demonstrates "that there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have
been different." *Commonwealth v. Johnson*, 600 Pa. 329, 345–46, 966
A.2d 523, 532–33 (2009) (quoting *Strickland,* 466 U.S. at 694). The
failure to satisfy any one of the three prongs will cause the entire claim to
fail. *Sneed*, 616 Pa. at 18, 45 A.3d at 1106 (citation omitted).

First, Appellant claims that trial counsel was ineffective in failing to
discuss with Appellant the importance of character evidence and in failing to
investigate and call character witnesses to call on Appellant's behalf.

> "To be entitled to relief on a claim of ineffectiveness for failure to
> call a witness, [an] appellant must demonstrate [that]: the
> witness existed, was available, and willing to cooperate; counsel
> knew or should have known of the witness; and the absence of
> the witness's testimony prejudiced [the] appellant."
> *Commonwealth v. Birdsong*, 611 Pa. 203, 24 A.3d 319, 334

- 4 -

(2011) (citing ***Commonwealth v. Fletcher***, 561 Pa. 266, 750 A.2d 261, 275 (2000)). A PCRA petitioner cannot succeed on such a claim if the proposed witness' testimony "would not have materially aided him. In such a case, the underlying-merit and prejudice prongs of the [ineffective assistance of counsel] test logically overlap." ***Commonwealth v. Baumhammers***, 625 Pa. 354, 92 A.3d 708, 725 (2014). "To show prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's allegedly unprofessional conduct, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Id.*** (citing ***Commonwealth v. Gibson***, 597 Pa. 402, 951 A.2d 1110, 1120 (2008)).

***Commonwealth v. Brown***, 161 A.3d 960 (Pa.Super. 2017) (quoting ***Commonwealth v. Johnson***, 635 Pa. 665, 139 A.3d 1257, 1284 (2016)).

Although Appellant alleges that trial counsel, Atty. Stephen Colafella, did not advise him of the importance of presenting character witnesses, Appellant admits that he met with counsel five times before trial, and on at least two of those occasions they discussed presenting character witnesses. Appellant specifically recalls counsel asking him for names of potential character witnesses that had particular "qualifications." Notes of Testimony (N.T.), PCRA hearing, 7/27/16, at 27-29, 37. Atty. Colafella indicated that he asked Appellant to give him names of possible character witnesses and advised Appellant that it would be best to call witnesses who were not relatives and who already knew that Appellant was accused of sexual assault.

Appellant conceded that he only gave counsel one name, that of a district magistrate, who was prohibited by rules of judicial ethics from testifying as a character witness. Moreover, Appellant admitted that he told

counsel that he did not want any of his family or friends involved in this case because "[i]t was an embarrassing situation that I didn't want my entire community to know about." N.T. at 36. Atty. Colafella indicated that as Appellant would not give him any names of possible witnesses, he respected Appellant's request for privacy. However, Atty. Colafella asserted that, had Appellant supplied a name of a possible character witness, he would have investigated Appellant's lead.

Based on the foregoing circumstances, Appellant's ineffectiveness claim has no arguable merit. Atty. Colafella discussed the importance of character testimony with Appellant on multiple occasions and asked Appellant to identify witnesses that he could investigate for this purpose. As Appellant refused to give him any names of possible witnesses and asked for privacy, Appellant has not shown that counsel knew or should have known of the identify of possible character witnesses. Thus, the PCRA court correctly found counsel was not ineffective for failing to call character witnesses.

Second, Appellant argues that trial counsel was ineffective in failing to request that the trial court give a jury instruction on prior inconsistent statements before the jury retired to deliberate. Appellant argues that such an instruction was necessary as the victim's testimony at trial was inconsistent in some respects to the statements she gave to medical examiners and law enforcement after the alleged assault.

However, we point out that the trial court did give a limiting instruction to the jury after the victim had finished testifying, in which the trial court

specifically and thoroughly instructed the jury on the use of prior inconsistent statements. Appellant concedes that fact but argues that trial counsel should have requested that the trial court repeat this instruction before the jury retired to deliberate. Appellant offers no specific case law to show his claim has any arguable merit. Moreover, Appellant fails to establish prejudice by showing that, but for counsel's failure to request that the trial court give the limiting instruction a second time, the result of the proceeding would have been different." **See Johnson**, 600 Pa. at 345–46, 966 A.2d at 532–33. Thus, the PCRA court correctly found counsel was not ineffective in failing to ask the trial court to repeat its instruction on prior inconsistent statements.

Third, Appellant argues that counsel was ineffective for pursuing an unreasonable trial strategy in a sex assault case, in eliciting testimony from the victim that she was intoxicated when the alleged assault occurred. Appellant contends this strategy contradicted the defense theory that he had consensual sexual relations with the victim.

With regards to the reasonable basis prong of the ineffectiveness test, our Supreme Court has emphasized the following:

> the PCRA court does not question whether there were other more logical courses of action which counsel could have pursued; rather, [the court] must examine whether counsel's decisions had any reasonable basis. Where matters of strategy and tactics are concerned, [a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

*Commonwealth v. Mason*, 634 Pa. 359, 388-39, 130 A.3d 601, 618 (2015) (citations and quotation marks omitted).

Contrary to Appellant's assertions, the victim did not testify that she was intoxicated to the point where she could not give consent; instead, she indicated that she was only "slightly buzzed" when she went to bed. N.T. Trial, 9/16/13, at 44, 58. She denied going to bed because she had too much to drink, but rather, asserted that she needed to get up early the next morning. Further, the victim indicated that she did not lose consciousness due to intoxication but rather was sleeping when the alleged assault began.

We agree with the PCRA court's assessment that Atty. Colafella had a reasonable basis to focus on the victim's level of intoxication to attempt to discredit her recollection of the events in question and to question her credibility. Atty. Colafella testified at the PCRA hearing that his strategy was to suggest that the victim's alcohol consumption impaired her ability to remember how the sexual contact was initiated but failed to rise to a level that would render the victim incapacitated to render consent.

The record shows that counsel's strategy had a reasonable basis designed to effectuate Appellant's interests. Appellant does not offer a suggested alternative strategy that offered a potential for success substantially greater than the course actually pursued. *See Mason*, *supra*. As a result, the PCRA court did not err in denying this claim.

Lastly, Appellant contends that trial counsel was ineffective in "handling" the prosecution's expert witness, Dr. Stephanie Larson, D.O., who

performed the victim's rape kit. Appellant's Brief, at 6. While trial counsel objected to Dr. Larson's qualifications as an expert, Appellant argues that counsel should have asked the trial court to strike Dr. Larson's testimony or in the alternative, to grant a continuance and require the Commonwealth to provide an expert report from Dr. Larson to allow the defense to adequately prepare for her testimony.

However, Appellant has not shown there is a reasonable probability that, but for counsel's failure to seek an expert report from Dr. Larson, the result of the proceedings would have been different. Although Dr. Larson testified that many sexual assault victims do not exhibit physical signs of injury, defense counsel elicited testimony on cross-examination in which Dr. Larson admitted that in a more violent assault or rape that it was more likely that the victim would exhibit physical signs of assault (e.g. vaginal tearing, bleeding, bruising). Dr. Larson agreed with defense counsel's statement to the jury that it was reasonable to infer that if the assault had occurred as violently as the victim had alleged that it was more likely that the victim would have had visible physical injuries. The jury reached the opposite conclusion and convicted Appellant of sexual assault. Appellant is unable to show how counsel's failure to seek an expert report resulted in prejudice under these circumstances. Accordingly, his ineffectiveness claim fails.

For the foregoing reasons, we affirm the lower court's order dismissing Appellant's PCRA petition.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2017