J-S54012-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARYL SCOTT PROVANCE | : | |
| | : | |
| Appellant | : | No. 1934 WDA 2016 |

Appeal from the PCRA Order November 16, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0000500-2015

BEFORE:   OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    FILED DECEMBER 08, 2017

Daryl Scott Provance appeals, pro se,[1] from the order entered on November 16, 2016, in the Court of Common Pleas of Fayette County, denying him relief on his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 et seq.  In this timely appeal, Provance argues the PCRA court erred in determining trial counsel was not ineffective for failing to introduce photographs of damage to the rear end of his truck, which Provance asserts would have proven that he was not at fault for the accident that led to his conviction of aggravated assault and related charges.[2]  After a thorough

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court granted appointed counsel's motion to withdraw after fulfilling the Turner/Finley no-merit requirements.

[2] Provance received an aggregate sentence of four to eight years' incarceration.

review of the submissions by the parties, relevant law, and the certified record, we affirm.

Initially, we note that this appeal is facially untimely. The appeal from the November 16, 2016 order denying him relief, was due on Friday, December 16, 2016, but was not docketed until Monday, December 19, 2016, three days late. However, we recognize that under the prisoner mailbox rule, which holds the appeal is deemed filed when it is delivered to the proper authority at the prison for mailing. It is obvious that, having been docketed on a Monday, the appeal was submitted to the prison authority for mailing by Friday, December 16, 2016 at the latest. Accordingly, this appeal is timely.

The fact that the appeal is timely does not, however, provide any further aid to Provance. As referred to above, the charges against Provance arose from an incident in which Provance crashed his pickup truck into the victims' vehicle. Provance then fled the scene. At trial, Provance claimed he was intoxicated on the night in question and a stranger, who only identified himself as a friend of the family, drove Provance home. Provance supposed that someone else took his car keys from him while he was intoxicated and caused the accident.

Provance now attempts to present photographs of his truck demonstrating rear end damage, thereby proving he did not cause the accident, rather, his truck was rear-ended and forced into the victims' car.[3]

Our standard of review for an order denying PCRA relief is as follows:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.

Commonwealth v. Rizvi, 166 A.2d 344, 347 (Pa. Super. 2017).

In order to prevail on a claim of ineffective assistance of counsel, a petitioner:

> [M]ust plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the [reasonable basis] prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the [prejudice] prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

Commonwealth v. Brown, 161 A.3d 960, 965 (Pa. Super. 2017) (citation omitted).

In denying his petition, the trial court accurately observed that because Provance's trial testimony was that he was not driving his truck at the time of

_____

[3] Provance raised this claim as ineffective assistance of counsel for failing to introduce photographs of his truck at trial. He attempts to reframe the issue as newly discovered exculpatory evidence. In substance, they are essentially the same claim. We address the issue as originally raised.

the incident, the photographs were irrelevant to the trial and counsel could not have been ineffective for failing to introduce them at trial.

We have reviewed the certified record, including the notes of testimony of the trial, and we rely upon the PCRA court's analysis of this issue found at page 3 of his Rule 907 Notice, which states:

> You next allege that Attorney Spegar was ineffective for failing to present photographic evidence of the damage caused to your truck by the crash. When you took the witness stand in your own defense at trial, you told the jury that you were not driving your vehicle when it crashed into the other vehicle and then went down an embankment and crashed again into a tree. Your sworn testimony at trial was that some unknown person had stolen your truck prior to the crashes. You told the jurors that it was the thief who drove your truck, not you. You did not dispute that your vehicle had been involved in two separate crashes on the night of the crimes, and thus the photographic evidence of the resulting damage was irrelevant since the extent of that damage was not at issue. The failure to present any photographic evidence of the physical damage to your truck did not cause you prejudice since your defense was that you were not the driver at the time of the crashes.

Rule 907 Notice, 10/24/206, at 3.

Simply put, the photographs of Provance's truck were irrelevant to his defense. Accordingly, there was no error in failing to introduce them at trial and, parenthetically, the photographs are not exculpatory.

In light of the above, the PCRA court's order is supported by the certified record and there has been no error of law.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2017