J-S27027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARON MARTIN | : | |
| | : | |
| Appellant | : | No. 1540 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 27, 2018
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-SA-0000089-2018

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

JUDGMENT ORDER BY OTT, J.:                **FILED SEPTEMBER 18, 2019**

Sharon Martin appeals from the judgment of sentence entered on September 27, 2018,[1] in the Court of Common Pleas of Fayette County following her conviction on two counts of 3 P.S. § 459-305(a)(3), unlawful confinement and control of a dog, and one count of 3 P.S. § 459-502(a)(1)(ii), harboring a dangerous dog.  Martin was sentenced to pay fines, court costs and fees.  In this timely appeal, Martin raises three issues.  However, because Martin has not provided this Court with a complete record, we are unable to conduct a meaningful review.  Accordingly, we find all issues waived.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Judgment of sentence was dated September 25, 2018 and docketed in the lower court on September 27, 2018.

The certified record in this matter contains no notes of testimony from the bench trial held on September 25, 2018. Although the notes were transcribed, they were not included in the certified record.

> Our law is unequivocal that an appellant bears the responsibility to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. ***Commonwealth v. B.D.G.***, 959 A.2d 362, 372 (Pa. Super. 2008). Therefore, "we can only repeat the well established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review.' " ***Id.*** (citation omitted).

***Commonwealth v. Brown***, 161 A.3d 960, 968 (Pa. Super. 2017).[2]

Because we have no notes of testimony to review, we must find that all issues have been waived.

Judgment of sentence affirmed.

---

[2] As a matter of courtesy, counsel was contacted, more than once, by the Office of the Prothonotary of our Court, was informed of the failure to include the notes of testimony, and was asked to supplement the certified record. However, this has not been done. Nor has this Court been informed of why the notes were not included in the first place; why, in more than two weeks since counsel was first informed of the lack of notes of testimony, the certified record has not been supplemented; nor, when the supplement might be expected.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2019