J-S51018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ROBERT SCHOLL | : | |
| | : | |
| Appellant | : | No. 357 MDA 2020 |

Appeal from the PCRA Order Entered June 27, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0001683-2013

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:  **FILED MARCH 02, 2021**

James Scholl appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. He argues trial counsel was ineffective for failing to call character witnesses. We affirm.

In March 2014, a jury found Scholl guilty of three counts each of Aggravated Assault (attempt to cause serious bodily injury), Aggravated Assault (attempt to put official in fear of serious bodily injury), Terroristic Threats, Simple Assault, and Recklessly Endangering Another Person, and one count each of Resisting Arrest and Possession of Firearm Prohibited.[1] The trial court found him guilty of Harassment.[2] The convictions stemmed from an incident in which Scholl pointed a gun at three police officers who had gone to

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(6), 2706(a)(1), 2701(a)(1), and 2705, and 5104 and 6105(a)(1), respectively.

[2] 18 Pa.C.S.A. § 2709(a)(1).

his home in response to a report of a domestic disturbance. The officers had to wrestle with Scholl to disarm him. Scholl testified at trial, and his counsel called Scholl's girlfriend as a trial witness, but counsel did not call any character witnesses.

On direct appeal, this Court affirmed the convictions but remanded for re-sentencing because the trial court had improperly imposed a mandatory minimum sentence, and the Supreme Court denied allowance of appeal in February 2016. The trial court re-sentenced Scholl to 16 to 32 years imprisonment, on March 16, 2016.

That same month, Scholl filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended petition asserting that Scholl's trial counsel was ineffective for failing to call character witnesses. The Commonwealth's Answer to the petition pointed out that the petition did not name any witnesses Scholl contended counsel ought to have called, and failed to allege that any alleged witness was available to testify at trial or that counsel was aware of any alleged character witness.

The court held a hearing at which Scholl testified that before the preliminary hearing, he asked his counsel if he would be able to call character witnesses, and counsel told him that he was "not a law abiding citizen and it wouldn't matter." N.T., 11/13/17, at 7. Scholl testified that he gave counsel "a few names," but did not see "the point," after counsel's comments. **Id.** He named a few co-workers he believed would "possibly" have testified on his behalf at trial, suggesting seven people, but knew the last names of only two.

*Id.* at 8. Scholl testified that he did not think he shared the names with counsel, but noted counsel said she had received a letter from his employer. *Id.* at 8-9. He admitted on cross-examination that he had not had any specific discussion with any of his suggested character witnesses about giving character testimony and could only say that they "might" have testified at trial. *Id.* at 11-12.

Trial counsel testified that she did not recall having conversations with Scholl about character witnesses. *Id.* at 20. She further testified that she did not recall Scholl providing names of potential character witnesses, and that her notes do not contain any information regarding potential character witnesses. *Id.* at 21, 25-27. Counsel stated that Scholl asked his employer to write counsel a letter, which his employer did, but stated that the letter was not relevant or admissible at trial. *Id.* at 25. She also testified that she "generally wouldn't even consider calling character witnesses if a client ha[d] a criminal record," and in Scholl's case, she "would not have considered it at all." *Id.* at 22. She pointed out that she had filed a motion *in limine* to preclude the Commonwealth from using his prior record, and the court had granted the motion. *Id.* at 27. She noted that, if she had called character witnesses, the Commonwealth could have cross-examined the witnesses about their knowledge of Scholl's prior statutory sexual assault convictions. *Id.* at 22.

The PCRA court denied the petition, concluding that Scholl did not prove that counsel acted unreasonably in deciding not to call character witnesses. PCRA Court Opinion, filed Feb. 8, 2017, at 4. It further found Scholl failed to

prove prejudice, as the alleged character witnesses would have been questioned about his prior record and that the proposed witnesses were Scholl's co-workers, whom he had known for less than six months. *Id.* at 5. The court further noted that Scholl presented no evidence the individuals would have been available at the time of trial and would have been willing to testify on his behalf. *Id.*

Scholl appealed, and presents the following issue:

> Whether the [PCRA] court erred in denying PCRA relief and finding that Scholl's trial attorney was not ineffective for failing to call character witnesses at the time of trial?

Scholl's Br. at 4.

Scholl alleges his trial counsel was ineffective for failing to call character witnesses to show his reputation for peacefulness or honesty. Scholl's Br. at 11. Scholl argues that "there was no reasonable basis for trial counsel's failure to call character witnesses regarding said traits because the crux of Scholl's defense was that he did not point a firearm at police officers." *Id.* He further argues that the trial counsel's "failure to investigate the potential character witnesses identified by Scholl likely affected the outcome of the trial and served to deprive Scholl a fair trial in this matter." *Id.*

When reviewing the denial of PCRA relief, we consider whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v.*

*Larkin*, 235 A.3d 350, 355 (Pa.Super. 2020) (*en banc*) (quoting *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013)).

We presume counsel was effective and a petitioner bears the burden of proving otherwise. *See Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa.Super. 2017). A petitioner may overcome the presumption by pleading and proving all of the following: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). A petitioner's failure to prove any one of these factors defeats the ineffectiveness claim. *See Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008).

To prove a claim of trial counsel ineffectiveness for failure to call a witness, the defendant must plead and prove that "(1) the witness existed; (2) counsel was either aware of or should have been aware of the witness's existence; (3) the witness was willing and able to cooperate on behalf of the defendant; and (4) the proposed testimony was necessary to avoid prejudice to the defendant*." Commonwealth v. Tharp*, 101 A.3d 736, 757 (Pa. 2014) (quoting *Commonwealth v. Bryant*, 855 A.2d 726, 746 (Pa. 2004)).

The PCRA court found trial counsel had a reasonable basis for her decision not to call character witnesses, that is, to prevent cross-examination about Scholl's prior record. PCRA Ct. Op. at 3-4. The PCRA court further concluded that Scholl did not prove prejudice, as he did not prove the trial outcome would have been different had counsel called the witnesses, noting

the proposed witnesses had only known Scholl for a few months. The court noted that Scholl presented no evidence that the witnesses were available or would have testified on his behalf. *Id.* at 4-5.

The PCRA court's factual findings are supported by the record, and it did not commit legal error in finding Scholl failed to establish counsel acted unreasonable and failed to establish prejudice. Counsel testified that she did not recall discussing character witnesses with Scholl, but would have recommended against it, as the Commonwealth could have asked the witnesses about whether they knew of Scholl's prior convictions. Moreover, Scholl has failed to plead, much less prove, that specific witnesses were willing and available to give favorable character testimony, as he never provided witness certifications from any proposed character witness and did not present testimony from any such witness at the PCRA hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/02/2021