J-A28019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICOLE LYNNE QUARTMAN | : | No. 6 MDA 2025 |

Appeal from the Order Entered December 19, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000003-2024

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: APRIL 27, 2026**

The Commonwealth appeals from the order granting Appellee Nicole Lynne Quartman's motion to suppress and petition for writ of *habeas corpus*.[1] We affirm.

The Commonwealth charged Appellee with two counts of possession with intent to deliver and one count of criminal use of a communication facility. These charges arose from a drug transaction involving a confidential informant ("CI"). The criminal complaint alleged that the CI received crack cocaine from Lance Quartman ("Lance"), who had received the drugs from Appellee. ***See*** Criminal Complaint, dated 11/7/23. The transaction was arranged via cell phone, and after the transaction, Detective Tyson Havens conducted a traffic stop of Appellee's vehicle and placed her under arrest. ***See id.*** After her arrest,

---

[1] Due to Appellee and another individual in the case having the same last name, we will refer to Nicole Quartman as "Appellee."

Appellee agreed to speak with police and admitted to selling crack cocaine to Lance and others. *See id.* She also told police that there may be crack at her house. *See id.* Additionally, she handed over crack cocaine from her bra and told the officer that she was on her way to get more crack cocaine. *See id.*

After a preliminary hearing, all charges were bound over for trial. Appellee filed a pretrial motion that included a petition for writ of *habeas corpus* and motions to suppress her statements and all physical evidence. *See* Omnibus Pretrial Motion, filed 2/29/24. Regarding the *habeas* petition, Appellee argued that the Commonwealth failed to establish a *prima facie* case. *See id.* at 2. For the motions to suppress, she argued that her arrest was not supported by probable cause, and any items recovered from her home were the fruit of the poisonous tree since her arrest was illegal. *See id.* at 2-4.

The court held a hearing on the motion, where the Commonwealth offered into evidence, without objection, a disc containing multiple videos of the underlying events and an audio recording of the preliminary hearing. *See* N.T., Motion to Suppress Hearing 5/7/24, at 2. Two of the videos were from two detectives. The remaining video was a recording of Lance and the CI on the day of Appellee's arrest. *Id.* at 2, 6. The Commonwealth also offered two search warrants for the Appellee's home. *Id.* at 2. One of the warrants was obtained prior to the drug purchase with the CI, and the other was obtained after the drug purchase with the CI. *Id.* at 2-3. The Commonwealth did not present testimony from any witnesses. During its argument to the court, the

Commonwealth recited the facts of the case, including that Appellee had buy money from the CI in the center console of her vehicle. ***Id.*** at 7.

Appellee argued that the videos did not show her committing any criminal act. ***See id.*** at 4-5. She also argued that any statement given to police could not be used as a basis for the charged crimes based on the *corpus delicti* rule. ***See id.***

The court granted the motion to suppress, finding that the video evidence did not show the drug transaction between Lance and the CI and did not show Appellee providing drugs to Lance. ***See*** Opinion, filed 12/19/24, at 4. The court also noted the preliminary hearing testimony of one detective who stated, "that no one witnessed the [Appellee] deliver crack cocaine to Lance Quartman." ***Id.*** (citing Preliminary Hearing Transcript, 12/28/23, at 2). The court also granted the petition for *habeas corpus* and dismissed all counts against Appellee. This timely appeal followed.

The Commonwealth raises the following issues:

> I. Whether the trial court abused its discretion when it granted the Appellee's Motion to Suppress Evidence based on the trial court's improper and incorrect application of the probable cause standard for a warrantless arrest.

> II. Whether the trial court abused its discretion when it granted Appellee's Petition for Writ of *Habeas Corpus* based on the trial court's own suppression decision, rather than the correct standard of *prima facie*, and subsequently dismissed and closed the Commonwealth's case *sua sponte*.

Commonwealth's Br. at 8 (suggested answers omitted).

The Commonwealth alleges that the trial court erred in granting Appellee's motion to suppress. Our standard of review requires that "[w]e consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted." *Commonwealth v. Banks*, 165 A.3d 976, 979 (Pa.Super. 2017) (citation omitted). We must determine whether the court's factual findings are supported by the record and if its legal conclusions and inferences taken from those findings are reasonable. *See id.*

The Commonwealth argues that it had "more than sufficient evidence" to establish probable cause for Appellee's arrest and the search of her home. Commonwealth's Br. at 18. It references its summation of the facts to the court at the suppression hearing regarding "the timeline of events" and the evidence admitted, including the "video footage, audio recordings, and search warrants containing lengthy affidavits of probable cause." *Id.* at 18-19.

Here, the certified record does not contain any of the materials the trial court relied on to grant the motion. As such, we find this claim waived. It is the appellant's responsibility "to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Commonwealth v. Holston*, 211 A.3d 1264, 1276 (Pa.Super. 2019) (*en banc*) (citation omitted). This responsibility "rests squarely upon the appellant and not upon the appellate courts." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.Super. 2006) (*en banc*). Our review is limited to things in the certified record, and anything not contained

in that record "does not exist for purposes of our review." **Holston**, 211 A.3d at 1275 (quoting **Commonwealth v. Brown**, 161 A.3d 960, 968 (Pa.Super. 2017)). Additionally, it is not proper for this Court "to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." **Preston**, 904 A.2d at 7.

The evidence that the Commonwealth relies on in support of its appellate claim is essential to this Court's ability to properly review the merits of its claim. Although the Commonwealth maintains that it "laid out the timeline of events for the trial court," this is not evidence. The Commonwealth provided this timeline to the court during its argument, and it is well settled that arguments of counsel are not evidence. **See In Int. of J.B.**, 189 A.3d 390, 406 n. 19 (Pa. 2018) (citing **Commonwealth v. Roney**, 79 A.3d 595 (Pa. 2013)). Since the Commonwealth failed to ensure that the certified record contained the preliminary hearing transcript or audio – it did not even order the transcript of the preliminary hearing, the disc containing the detective's video or the video of the recording of Lance and the CI, this issue is waived. **See Commonwealth v. Manley**, 985 A.2d 256, 263-64 (Pa.Super. 2009) (finding waiver of issue challenging suppression of photo array where appellant did not ensure that certified record contained copy of photo array); **Commonwealth v. Martz**, 926 A.2d 514, 525 (Pa.Super. 2007) ("A failure by [A]ppellant to [e]nsure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined") (citation omitted).

Next, the Commonwealth argues that the court erred in granting the petition for writ of *habeas corpus*. It maintains that the audio recording of the preliminary hearing alone meets the *prima facie* standard. It also argues that the court applied the incorrect burden of proof for the Commonwealth by combining the analysis for the suppression and *habeas* issues together.

"We review a decision to grant a pre-trial petition for a writ of *habeas corpus* by examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth." ***Commonwealth v. Dantzler***, 135 A.3d 1109, 1111 (Pa.Super. 2016) (*en banc*). Whether the Commonwealth presents a *prima facie* case is a question of law, therefore our scope of review is plenary. ***See id.*** at 1112. The Commonwealth presents a *prima facie* case when it provides evidence of every element of the crimes charged. ***See id.*** Additionally, for a pretrial *habeas corpus* motion, the Commonwealth may meet its burden with "the evidence presented at the preliminary hearing and also may submit additional proof." ***Id.*** (quoting ***Commonwealth v. Carroll***, 936 A.2d 1148, 1152 (Pa.Super. 2007)).

Here, again, we are constrained to find this claim waived. ***See Martz***, 926 A.2d at 525. The Commonwealth failed to ensure that the certified record contained the preliminary hearing transcript or any other evidence the Commonwealth submitted.

Order affirmed.[2]

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/27/2026

---

[2] The Commonwealth attached to its brief a disc that purports to be the same disc admitted into evidence at the suppression hearing. It also attached copies of two search warrants. However, none of these items is included in the certified record, and as such, we cannot consider them. **See Preston**, 904 A.2d at 6 ("[U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent – a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.").