J-S84038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTOPHER FLOURNEY | |
| Appellant | No. 253 EDA 2016 |

Appeal from the PCRA Order January 7, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s):
CP-51-CR-0004163-2008
CP-51-CR-0004164-2008

BEFORE: OLSON, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED SEPTEMBER 22, 2017**

Appellant, Christopher Flourney, appeals from an order dismissing his first petition for relief under the Post Conviction Relief Act[1] ("PCRA") without a hearing. Appellant argues that trial counsel was ineffective for failing to contact and interview an eyewitness to his gunfight with two police officers and for failing to object to the introduction of a statement by his non-testifying co-defendant during trial in violation of his rights under the Confrontation Clause. We affirm.

The trial court's opinion on direct appeal accurately summarizes the evidence adduced during trial as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

On November 10, 2007, Officer Hagan and his partner Officer Corcoran were in uniform and in their marked patrol car. The [o]fficers were assigned to patrol the area around 25th to 29th Streets between Oakford and Dickinson Streets in South Philadelphia as there had been a shooting in that area earlier in the day. While driving eastward on the 2900 block of Dickinson Street, Officers Hagan and Corcoran heard gunshots and saw muzzle flashes coming from both sides of 28th Street to their north. The officers activated their lights and sirens and drove toward the direction of the gunshots.

While the officers were driving north on 28th Street they heard more gunshots and saw two muzzle flashes from two males on the east side of the street. Both males were facing in the direction of the officers' patrol car at the time of the muzzle flashes, indicating that guns were being fired at the officers. An inspection of the patrol car after the gunfire ended showed that a bullet had struck the windshield at "head-level." The officers pursued the two males who had shot at them and who ran north on 28th Street. Each male was wearing a black hooded sweatshirt with a pocket in the front. Three males who were on the west side of the street ran away.

The officers were able [to] see the two males who shot at their patrol car more clearly when they ran in a well-lit area at the intersection of 28th and Reed Streets. Both officers recognized one of the males as [Appellant], who they both knew prior to this incident. [Appellant] was holding a handgun as he was running away. As the officers attempted to cut [Appellant] off as he approached Earp Street, [Appellant] went over the hood of the patrol car, pointed a gun at the officers, and continued running north on 28th Street. At the same time, the other male, who was subsequently identified as co-defendant Lashawn Reaves, ran east on Earp Street. After Reaves appeared to point a gun at them, the officers fired at Reaves, who was hit once in the leg. As Officer Corcoran went to secure Reaves, Officer Hagan left to pursue [Appellant] and sent out a flash description.

About twelve minutes later, another officer stated over the radio that she had seen [Appellant] look out of the

- 2 -

window of a house on Sears Street. Officer Albertus and his partner responded to this call by going to the house at 2754 Sears Street, where they ordered everyone out of the house. Officer Hagan arrived and identified one of the individuals taken out of the house as [Appellant], who was no longer wearing a black hooded sweatshirt. After obtaining a search warrant for the house, Detective Blowes found a handgun hidden under some dirty underwear inside a hole in the wall on the second floor. Detectives Blowes turned the gun over to the Crime Scene Unit for testing. Detective Blowes also took from this house a black hooded sweatshirt that was also found on the second floor.

Officer Edward Nelson of the Firearms Identification Unit inspected the gun found hidden in the wall of 2754 Sears Street and determined it to be an operable nine-millimeter Ruger handgun with a four-inch barrel. He also inspected sixteen fired cartridge casings that had been found in the area on 28th Street from where the males had been seen firing at the officers. Sixteen of the casings were fired from the nine-millimeter Ruger that was recovered from inside the wall in the house where [Appellant] was hiding.

Trial Ct. Op., 1/19/10, at 2-4 (record citations omitted).

Appellant and Reaves were tried together. The jury found Appellant guilty of attempted murder,[2] aggravated assault,[3] criminal conspiracy,[4] carrying a firearm without a license,[5] possessing an instrument of crime,[6]

---

[2] 18 Pa.C.S. § 901(a).

[3] 18 Pa.C.S. § 2702(a).

[4] 18 Pa.C.S. § 903(a).

[5] 18 Pa.C.S. § 6106(a)(1).

[6] 18 Pa.C.S. § 907(a).

and carrying a firearm on a public street in Philadelphia.[7] On July 23, 2009, the trial court imposed an aggregate sentence of twenty-five to fifty years' imprisonment. Appellant filed timely post-sentence motions. On October 19, 2009, the Court granted Appellant's motion for a judgment of acquittal concerning his conviction for carrying a firearm without a license.[8]

On August 13, 2010, this Court affirmed Appellant's judgment of sentence, and on February 3, 2011, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Flourney*, 3086 EDA 2009 (Pa. Super. Aug. 13, 2010), *appeal denied*, 476 EAL 2010 (Feb. 3, 2011). On December 7, 2011, Appellant timely filed a PCRA petition *pro se*. On February 19, 2015, through counsel, Appellant filed an amended PCRA petition. On November 3, 2015, the PCRA court issued a notice of intent to dismiss Appellant's amended petition without a hearing. On January 7, 2016, the PCRA court entered an order dismissing Appellant's PCRA petition. Appellant filed a timely appeal to this Court, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

---

[7] 18 Pa.C.S. § 6108.

[8] The trial court premised its judgment of acquittal on the "absence of evidence that the handgun possessed by [Appellant] had been concealed or carried in a vehicle." Trial Ct. Op., at 1 n.1. This did not affect Appellant's sentence, because he had been sentenced to no further penalty on this charge. *Id.*

> I. Whether the [PCRA] court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.
>
> II. Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief at 9. Appellant argues that: (1) trial counsel was ineffective for failing to contact and interview Ellen Banning, an eyewitness to the gunfight, (2) trial counsel was ineffective for failing to object to the introduction of a statement by his non-testifying co-defendant during trial, thus violating Appellant's rights under the Confrontation Clause, and (3) he was entitled to an evidentiary hearing on these ineffectiveness claims.[9]

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1267 (Pa. 2008) (citation omitted). When a PCRA petitioner alleges ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) the petitioner was prejudiced by counsel's action or omission. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable

---

[9] We have reordered Appellant's arguments for disposition.

- 5 -

probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. Reed***, 42 A.3d 314, 319 (Pa. Super. 2012) (citation and quotation marks omitted), *appeal denied*, 114 A.3d 416 (Pa. 2015). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. ***See Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013). "The burden of proving ineffectiveness rests with [a]ppellant."

In his first argument, Appellant contends that Banning gave a statement to police officers[10] that exculpated Appellant, but defense counsel failed to interview Banning or call her as a witness. A review of Banning's alleged statement, which is unsigned, indicates that she saw only one shooter, Amended PCRA Pet., 2/19/15, Ex. B, whereas the police officers testified that there were two shooters. N.T., 6/2/09, at 14-15, 67, 88. Banning stated that the shooter "wasn't too big, not tall, he was stocky, and may have been dark comple[cted]." Amended PCRA Pet., Ex. B. Appellant claims that he was "nearly 312 pounds, light skin[ned], 5'8" and far from stocky" on the night of the incident. Appellant's Brief at 19. Banning stated that the shooter was wearing a coat with a hood that she thought was gray in color and turned on Reed Street when fleeing the officers. Amended PCRA Pet., Ex. B. The officers testified that both shooters were wearing black

---

[10] Attached as exhibit B to Appellant's amended PCRA petition is an unsigned statement that Banning allegedly gave to the police on the night of the incident.

hooded sweatshirts, and that Appellant ran straight down 28th Street. N.T., 6/2/09, at 18-20, 23-24. Banning stated that the patrol car's overhead lights were off during the gun battle. Amended PCRA Pet., Ex. B. The officers testified that the overhead lights were on. N.T., 6/2/09, at 14, 67. Collectively, Appellant concludes, these discrepancies cast doubt on the Commonwealth's version of events and made Banning an essential witness. No relief is due.

Our Supreme Court has held: "Where a defendant claims that counsel was ineffective for failing to call a particular witness, we require proof of that witness's availability to testify, as well an adequate assertion that the substance of the purported testimony would make a difference in the case." *Commonwealth v. Clark*, 961 A.2d 80, 90 (Pa. 2008). The defendant must demonstrate that

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Id.* (citations omitted). Here, Appellant failed to certify in his amended PCRA petition, and failed to argue in his appellate brief, that Banning was available and willing to testify on his behalf. This alone justified the PCRA court's decision to deny PCRA relief without an evidentiary hearing. *See Commonwealth v. Brown*, 161 A.3d 960, 967 (Pa. Super. 2017) (PCRA court could properly dismissed claim of failing to call alleged witnesses

without evidentiary hearing where petitioner failed to provide PCRA court with affidavits or certifications indicating, *inter alia*, witnesses' availability and willingness to testify on appellant's behalf).

In his second argument, Appellant contends that trial counsel was ineffective for failing to object to the admission of a statement by Reaves to a police detective that was redacted with neutral terms such as "the other guy" or "him" substituted for Appellant's name. Appellant argues that although his name was replaced with neutral terms such as the "other guy," Reaves' statement "clearly identified Appellant, [because] Reaves denied being in the actual area [of the gunfight], and Appellant . . . and . . . Reaves were the only two on trial for the incident in question." Appellant's Brief at 22. Further, Appellant argues that defense counsel was ineffective for failing to request that the court give a limiting instruction directing the jury to use the statement only as evidence against Reaves but not against Appellant. *Id.* at 21. We disagree.

The PCRA court correctly summarized the relevant law as follows:

> Under **Bruton v. United States**, 391 U.S. [1]23 (1968), the confession of a co-defendant that incriminates another defendant at a joint trial may not be admitted as evidence unless the codefendant who made the statement takes the stand and is subject to cross-examination. Otherwise, the Sixth Amendment right to confrontation of the defendant who did not make the statement would be violated. However, the Confrontation Clause is satisfied if the confession is redacted in such a manner as to remove facially incriminating references to the other defendant and the jury is given an appropriate instruction to only consider the statement as evidence against the defendant who

> made it. ***Commonwealth v. Daniels***, 104 A.3d 267, 294 (Pa. 2014). Contextual implication will not violate a defendant's rights. So long as neutral pronouns such as "the other guy" or "him" are substituted for the name of the other defendant, and the jury is given an appropriate limiting instruction, ***Bruton*** is satisfied. ***Daniels***, 104 A.3d at 294.

PCRA Ct. Op., at 7-8.

Here, the Commonwealth introduced Reaves' statement, which was edited in accordance with ***Bruton*** to refer to Appellant as "the other guy" or "him." N.T., 6/3/09, 77-87. Thus, trial counsel had no basis to object to the admission of the edited statement.

We note, as did the PCRA court, that defense counsel failed to request a limiting instruction directing the jury that it could only consider the statement as evidence against Reaves. Nevertheless, assuming that defense counsel was ineffective for failing to request this instruction, Appellant did not suffer prejudice. The PCRA court aptly observed that the evidence against Appellant was overwhelming, because after multiple gunshots were fired at the officers,

> [t]he officers saw [Appellant] with a firearm as they were pursing him, and found a firearm in a hole in the wall in the house into which [Appellant] fled after the incident. Ballistics matched that firearm to all [sixteen] fired cartridge casings found at the scene of the shooting. The black hooded sweatshirt that Officer Hagan saw [Appellant] wearing during the incident was also found in the same house. Both Officer Hagan and Officer Corcoran

knew [Appellant] from previous encounters and recognized him both during the pursuit and after his arrest.[11]

PCRA Ct. Op. at 6. Given this evidence, the lack of a limiting instruction plainly did not affect the outcome of trial. *See Commonwealth v. Hutchinson*, 25 A.3d 277, 305-06 (Pa. 2011) (petitioner was not prejudiced by trial counsel's failure to request limiting instruction as to permissible use of prior bad act evidence that murder victim had requested protection from abuse order against defendant and that defendant used aliases, where there was overwhelming evidence of defendant's guilt, including eyewitness testimony of victim's two children, both of whom knew defendant).

Lastly, Appellant argues that he was entitled to an evidentiary hearing regarding the foregoing claims. However,

> [t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted). Having reviewed Appellant's claims in light of the record, we

---

[11] We cannot take the statement of Banning, the alleged eyewitness, into account, since she did not testify at trial, and, as discussed above, Appellant failed to certify or aver that she was willing and able to testify on his behalf.

discern no abuse of discretion in the PCRA court's decision to dismiss Appellant's amended PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2017