J-S85027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
CRAIG BLACK :
:
Appellant : No. 968 WDA 2017

Appeal from the PCRA Order June 1, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000679-2011

BEFORE: BOWES, J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 12, 2018**

Craig Black appeals from the order entered in the Allegheny County Court of Common Pleas, denying his timely first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Briefly, Appellant was convicted of third-degree murder, attempted murder, aggravated assault, and possession of a firearm without a license after he repeatedly shot two acquaintances. He was sentenced to an aggregate 35-70 years' incarceration. After an appeal, Appellant filed a timely, counseled PCRA petition. Appellant raised several challenges, including an illegal sentence claim, and the PCRA court held an evidentiary hearing. The court resentenced Appellant to a term of 28-56 years' incarceration, but otherwise denied relief. Appellant appeals the order denying his remaining PCRA issues.

Appellant solely challenges trial counsel's stewardship. Namely, Appellant asserts trial counsel rendered ineffective assistance because he failed to object to the introduction of testimony about Appellant's arrest by the police's SWAT unit. Appellant contends the testimony "made it appear that Appellant was a dangerous person," and the testimony's probative value was far outweighed by its prejudicial effect. Appellant's Brief, at 13. Appellant concludes we must pronounce trial counsel ineffective, and grant him a new trial. We disagree.

"[O]ur standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is *de novo*. ***See id***.

We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. ***See Commonwealth v. Brown***, 161 A.3d 960, 965 (Pa. Super. 2017). To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced the petitioner. ***See Commonwealth v. Spotz***, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. ***See Commonwealth v. O'Bidos***, 849 A.2d 243, 249 (Pa. Super. 2004).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable

merit is a legal determination." ***Commonwealth v. Barnett***, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*) (citations and internal quotation marks omitted).

To the extent Appellant argues trial counsel failed to appropriately object to testimony regarding Appellant's arrest by a SWAT team, counsel did state an objection once the SWAT team was mentioned. ***See*** N.T., Trial, 11/10/11, at 157. In a sidebar with the court and counsel for the Commonwealth, defense counsel argued testimony about Appellant's arrest by a SWAT team might give jurors the impression Appellant was an unusually risky arrestee. ***See id***. The trial court responded to the objection by stating, "Well, it's the nature of the charge, and there's been inquiry if the nature of the charge will prejudice them. Just lead [the witness] to immediately after the arrest." ***Id***., at 158.

Instead, counsel for the Commonwealth had the witness clarify that arrest warrants for homicide are uniformly considered high-risk warrants. ***See id***. The witness then discussed the SWAT team's strategy for apprehending Appellant. ***See id***. On cross-examination, Appellant's counsel asked the detective if Appellant cooperated with the SWAT team; the detective

confirmed that Appellant was placed under arrest without incident. ***See id***., at 163.

In its opinion, the PCRA court stated it ruled against defense counsel's objection, and that counsel took the only reasonable course left by cross-examining the witness to show Appellant was arrested without incident. ***See*** PCRA Court's Opinion, filed 9/5/17, at 10. We agree. And, even if we entertain the argument that defense counsel should have objected once again, since counsel for the Commonwealth did not immediately redirect the questioning to elicit only post-arrest testimony, Appellant has failed to establish prejudice.

The detective specifically clarified *all* arrest warrants for homicide are considered high-risk warrants. He indicated the SWAT team was deployed for that very reason—not because Appellant was considered unusually dangerous. That clarification was again ably underscored by Appellant's counsel's cross-examination of the detective.

Also, the Commonwealth presented extensive evidence at trial to show Appellant was responsible for shooting one victim twice in the head, and the other victim four times, as part of a planned robbery. ***See Commonwealth v. Black***, No. 1156 WDA 2012, at 1-2 (Pa. Super., filed February 7, 2012) (unpublished memorandum). It was Appellant's own conduct, not the evidence regarding the SWAT team, that "made it appear that Appellant was a dangerous person[.]" Appellant's Brief, at 13. Consequently, we find Appellant is due no relief. Accordingly, we affirm the PCRA court's order denying Appellant relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/2018