J-S75004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD CICERON | : | |
| | : | |
| Appellant | : | No. 733 EDA 2017 |

Appeal from the PCRA Order February 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013263-2010

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                **FILED JUNE 11, 2019**

Appellant, Ronald Ciceron, challenges the order entered in the Philadelphia County Court of Common Pleas, denying his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Appellant was charged with multiple crimes of sexual violence against the minor victim in this case. The Commonwealth presented evidence that when the victim was eleven years old, she was reunited with her father, Appellant, and began living in his home. Appellant moved out of the home shortly thereafter, when the victim's mother obtained a protection from abuse order against him. The victim continued to visit Appellant in an apartment he rented. Around that time, Appellant began to sexually abuse the victim. Appellant bribed her to conceal the abuse by purchasing expensive electronics for her. This molestation continued for several years. The victim ultimately

told her pastor and her mother about Appellant's exploitation. The victim's mother reported the abuse to the authorities, who arrested Appellant.

Following trial, the jury convicted Appellant of rape, involuntary deviate sexual intercourse, aggravated indecent assault, endangering the welfare of a child, incest, and unlawful contact with a minor. The trial court sentenced Appellant to an aggregate of twenty-five to fifty years' incarceration. Appellant filed a timely notice of appeal, but discontinued the appeal before the Superior Court filed a disposition.

Appellant then filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended petition. The court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, and the court dismissed his petition. He timely filed a notice of appeal, and this case is now properly before us.[1]

Appellant raises a single issue on appeal, objecting to the PCRA court's denial of relief. According to Appellant, trial counsel did not introduce testimony indicating that the victim and her mother continued to spend time with Appellant even after the victim informed her mother of the alleged sexual abuse. Appellant believes he established trial counsel's ineffectiveness for failing to call witnesses who would have undermined the victim's credibility,

---

[1] Once before this Court, Appellant filed a motion requesting remand in order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). We granted his motion, Appellant filed his statement, and the PCRA court filed a supplemental opinion.

and should have been granted PCRA relief on this issue.[2] We disagree.

We proceed by determining whether the PCRA court's factual findings are supported by the record. *See Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012). In doing so, we read the record in the light most favorable to the prevailing party. *See id*. If this review reveals support for the PCRA court's credibility determinations and other factual findings, we may not

_____

[2] As part of this claim, Appellant also alleges the victim and her mother accused him of abusing the victim after Appellant complained about the victim's relationship with her pastor. *See* Appellant's Petition for Post Conviction Collateral Relief, filed 4/24/13, at 4; Appellant's Amended PCRA Petition; Appellant's Brief at 10-13. Appellant believes trial counsel was ineffective by failing to question the victim about this relationship.

Evidence must be relevant before it is admitted in a criminal proceeding. *See Commonwealth v Nevels*, 203 A.3d 229, 245 (Pa. Super. 2019). Appellant's brief is laden with sinister, irrelevant, and wholly unsupported insinuations regarding "[A]ppellant's concern about [the victim] spending time alone with [her pastor]." Appellant's Brief at 11. Appellant fails to even cursorily show how these allegations are in any way relevant to his own guilt. Further, the Rape Shield Law deems inadmissible "[e]vidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct[.]" 18 Pa.C.S.A. § 3104(a). Improbably, Appellant asserts that any questioning by counsel on this subject would not have violated the Rape Shield Law. We are inclined to reject this self-serving claim.

However, even if we accept the seemingly disingenuous assertion that this line of questioning would not have violated the Rape Shield Law, Appellant also wholly fails to explain how such evidence, if admitted, would have resulted in a different outcome at trial. *See Commonwealth v. Chmiel*, 30 A.3d 1111, 1127-1128 (Pa. 2011) (holding petitioner must "show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness" in order to obtain PCRA relief). As such, he is due no relief on this claim.

disturb them. **See id**. We, however, afford no deference to the PCRA court's legal conclusions. **See id**.

We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. **See Commonwealth v. Brown**, 161 A.3d 960, 965 (Pa. Super. 2017). To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced the petitioner. **See Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. **See Commonwealth v. O'Bidos**, 849 A.2d 243, 249 (Pa. Super. 2004).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." **Commonwealth v. Barnett**, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted).

> When raising a failure to call a potential witness claim, the PCRA petitioner satisfies the performance and prejudice requirements of the **Strickland** test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Commonwealth v. Johnson**, 966 A.2d 523, 536 (Pa. 2009) (citation omitted). Trial counsel will not be deemed ineffective for failing to call a

witness where the appellant is unable to show how that witness's testimony would have benefitted his defense. **See id**.

Finally, we note that "an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim" for PCRA relief. **Commonwealth v. Roney**, 79 A.3d 595, 605 (Pa. 2013) (citation and internal quotations omitted). A claim based on pure speculation must fail. **See id**. at 607.

Here, Appellant believes trial counsel erred by failing to present witness testimony to show the victim and her mother attended a wedding with Appellant after the victim allegedly told her mother about Appellant's abuse. Appellant proffers affidavits from his sister, sister-in-law, and cousin as proof that counsel failed to impeach the credibility of the victim. The affidavits all state that Appellant, the victim, and the victim's mother attended a wedding together on August 21, 2010, and appeared to enjoy themselves. The affiants assert they later discovered the victim's mother told police she learned of the abuse on August 20, 2010. These witnesses also aver that after learning of the allegations against Appellant, they immediately informed trial counsel about the congenial interactions they observed between Appellant, the victim, and the victim's mother at the wedding.[3] Appellant summarily concludes that,

_____

[3] One of the affidavits reiterates the belief Appellant espoused in his PCRA petition, that the victim's mother was unhappy about a trip Appellant was taking to the Dominican Republic and convinced the victim to falsely report the sexual abuse. In his appellate brief, Appellant entirely abandons this

if counsel had presented the affiants' testimony in court, it would have undermined the credibility of the victim and her mother and changed the jury verdict.

The PCRA court aptly identifies a critical flaw in Appellant's logic – namely, he fails to present any evidence that the victim actually informed her mother of the abuse before the wedding, as the affiants claim. **See** PCRA Court Opinion, filed 7/18/17, at 4. Despite each affidavit's citation of August 20, 2010, as the date that the victim's mother complained of the abuse to police, no other evidence supports that assertion. The only mention of any disclosure date is the victim's statement at trial, where she explained that she told her mother about the abuse during "the last week of August" in 2010. N.T. Trial, 10/12/11, at 77. Further, the criminal complaint filed in this case identified September 20, 2010, as the date the victim was interviewed by police.

Appellant provides no documentary evidence to support the witnesses' assertion that the victim's mother knew of the abuse on August 20, 2010. Nor does he assert that the proposed witnesses were present at either the time where the victim told her mother or the time that the mother filed a police report. Under these circumstances, the proposed witnesses' testimony on this issue would be inadmissible hearsay. "Hearsay is an out-of-court statement

---

argument regarding the victim's mother's purported displeasure over his vacation. Thus, we decline to review it. **See Commonwealth v. Rodgers**, 605 A.2d 1228, 1239 (Pa. Super. 1992) (deeming issue abandoned "where it has been identified on appeal but not properly developed in the appellant's brief").

offered to prove the truth of the matter asserted in the statement." ***Commonwealth v. Laich***, 777 A.2d 1057, 1060 (Pa. 2001). Hearsay is generally inadmissible. ***See Commonwealth v. Dargan***, 897 A.2d 496, 500 (Pa. Super. 2006). ("evidence of a declarant's out-of-court statements is generally inadmissible because such evidence lacks guarantees of trustworthiness…").

Additionally, the victim testified that she was motivated to conceal the abuse for several years before telling her mother. ***See id***., at 77, 96. She indicated that at family gatherings like weddings and birthdays, she would act as though the abuse was not occurring, because she did not want Appellant to go to jail. ***See id***., at 77, 92. She told the court Appellant had threatened her, saying that if anyone found out about the abuse, the victim's church community would condemn her for it. ***See id***., at 77. The victim also admitted that she wanted Appellant to keep giving her expensive electronics in exchange for her silence. ***See id***., at 95-96.

As there is no record support for the disclosure date given in the affidavits, Appellant cannot show the victim's mother was aware of the abuse at the time she and the victim attended the August 21, 2010 wedding with Appellant. Without such proof, statements about the victim's mother's behavior at the wedding lack relevance. Further, the victim herself admitted that she acted normally toward Appellant while the abuse was ongoing, as she did not want him to go to jail. Thus, Appellant cannot prove trial counsel was ineffective for failing to introduce the affiants' testimony at trial. Appellant has

therefore failed to establish his claim of ineffective assistance of counsel has arguable merit. Accordingly, we affirm the PCRA court's order denying relief.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* _6/11/2019_