J-S26023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON ALLEN MAINES | : | |
| | : | |
| Appellant | : | No. 1541 WDA 2019 |

Appeal from the PCRA Order Entered September 20, 2019
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0001919-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON MAINES | : | |
| | : | |
| Appellant | : | No. 1545 WDA 2019 |

Appeal from the PCRA Order Entered September 20, 2019
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000774-2013

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 17, 2020**

Jason Maines appeals the denial of his request for relief under the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Maines challenges

the Commonwealth's closing argument raises a ***Brady***[1] claim, and argues his

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Brady v. Maryland***, 373 U.S. 83 (1963).

trial counsel was ineffective. We affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op., filed Sept. 20, 2019.

In 2014, a jury found Maines guilty of Criminal Attempt – Possession with Intent to Deliver; Criminal Attempt – Possession of a Controlled Substance; Terroristic Threats; and Witness Intimidation.[2] The jury also found him guilty at a separate docket of Conspiracy – Robbery; Robbery; Burglary; Criminal Trespass; and two counts of Aggravated Assault.[3] The trial court imposed an aggregate sentence of 19 to 40 years' incarceration. We affirmed the judgment of sentence, and our Supreme Court denied Maines' petition for allowance of appeal. *See Commonwealth v. Maines*, No. 584 MDA 2015, 2016 WL 1734921 (Pa.Super. filed May 2, 2016) (unpublished memorandum), *appeal denied*, 160 A.3d 758 (Table) (Pa. filed Oct. 25, 2016).

Maines filed the instant timely PCRA petition in November 2017. The PCRA court appointed counsel who filed an amended PCRA petition.[4] The PCRA court held a hearing after which it denied the PCRA petition. This timely appeal followed.

On appeal, Maines raises the following issues:

---

[2] 18 Pa.C.S.A. § 901, 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 901, 35 P.S. § 780-113(a)(16); 18 Pa.C.S.A. § 2706(a)(1); and 18 Pa.C.S.A. § 4952(a)(1), respectively.

[3] 18 Pa.C.S.A. §§ 903, 3701(a)(1); 3701(a)(1); 3502(a)(1); 3503(a)(1); and 2702(a)(1), (a)(4), respectively.

[4] The counsel whom the court initially appointed obtained leave to withdraw, and the court appointed new counsel who entered his appearance in December 2018.

> 1. Did the lower court err by denying PCRA Relief on the basis of constitutional violations by the Commonwealth when the Commonwealth:
>
> > a. engaged in impermissible inflammatory rhetoric, impermissible vouching, and impermissible Biblical references during closing argument?
> >
> > b. failed to disclose exculpatory evidence in the form of two discarded prior statements by a witness who implicated [Maines] in a third statement?
>
> 2. Did the lower court err by denying PCRA Relief on the basis of ineffective assistance of counsel when trial counsel:
>
> > a. failed to disclose a conflict of interest in the form of his own contemporaneous prosecution by the same office that was prosecuting [Maines]?
> >
> > b. failed to raise a viable *Brady* claim concerning the deprivation of inconsistent witness statements?
> >
> > c. failed to object to impermissible rhetoric by the Commonwealth during closing argument?
> >
> > d. failed to conduct a sufficient investigation?
> >
> > e. failed to sufficiently cross-examine witnesses, challenge a photographic array, present evidence concerning alternative suspects, object to impermissible evidence, and challenge the identification of a vehicle as belonging to [Maines]?
>
> 3. Did the lower court err by denying relief on the cumulative effect of multiple errors?

Maines' Br. at 2-3.

When reviewing the denial of PCRA relief, we determine whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v.*

*Larkin*, --- A.3d ----, 2020 WL 3869710, at *4 (Pa.Super. 2020) (*en banc*) (citation omitted).

Maines claims that the prosecutor made impermissible comments in closing argument. He argues that the Commonwealth's closing argument was improper because it vouched for the credibility of witnesses and included biblical references. Maines' Br. at 16, 19. This claim is waived as Maines could have raised this issue on direct appeal, but failed to do so. **See** 42 Pa.C.S.A. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

Next, Maines alleges that the Commonwealth withheld exculpatory evidence, in violation of **Brady**, in the form of two statements from a witness, Michael Edwards, that a detective allegedly threw in the trash. He waived this claim as well by not raising it on direct appeal.

Maines also claims that the PCRA court erred in denying his ineffectiveness claims. He argues that trial counsel was ineffective because he had a conflict of interest and failed to do numerous things: raise a **Brady** violation, object to alleged prosecutorial misconduct, impeach witnesses, investigate or interview witnesses or potential witnesses, call Edwards as a witness, challenge various identifications, and allow Maines to testify.

We presume counsel was effective and a petitioner bears the burden of proving otherwise. **See Commonwealth v. Brown**, 161 A.3d 960, 965 (Pa.Super. 2017). A petitioner may overcome the presumption by pleading

- 4 -

and proving all of the following: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). A petitioner's failure to prove any one factor defeats the ineffectiveness claim. *See Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008).

The PCRA court denied all of Maines' ineffectiveness claims. The court explained that the fact that defense counsel was allegedly being prosecuted for driving under the influence by the same District Attorney's office as was prosecuting Maines did not create a conflict of interest, and even if it did, Maines had not shown prejudice. *See* PCRA Ct. Op. at 9. The court next concluded that Maines' *Brady* claim was meritless because he "failed to establish that the first two statements are materially exculpatory evidence as he failed to establish either statement contained information that was different from the third statement." *Id.* at 14.

The PCRA court also concluded that counsel was not ineffective for failing to object to the Commonwealth's closing argument because Maines failed to show that he was prejudiced by the Commonwealth's comments. *Id.* at 18, 19-21. It rejected Maines' claim predicated on a failure to impeach witnesses because "[a] review of the trial transcripts shows that [counsel] engaged in vigorous cross-examination of each of these witnesses including highlighting inconsistencies between their statements and their testimony." *Id.* at 21-22. Regarding Maines' claim that counsel was ineffective for not

interviewing witnesses or potential witnesses, the PCRA court found that Maines had failed to show that the actions of counsel were not reasonable. *Id.* at 23. The PCRA court also found that the claim that counsel ought to have challenged witnesses' identification of him in a photo array was meritless because Maines had presented no evidence that counsel had unreasonably concluded that such a motion would not have been successful. *Id.* at 25.

The PCRA court also rejected Maines' claim that counsel was ineffective for failing to challenge the witnesses' identification of Maines' vehicle. The court explained that he had "presented no evidence that had [counsel] followed a different strategy, such as calling an expert witness, the outcome of the trial would have been different," in view of the evidence against Maines. *Id.* at 26. As for Maines' claim that counsel was ineffective for refusing to allow him to testify, the court rejected it based on its factual finding that Maines had agreed with counsel that it was not in his best interest to testify and had therefore decided not to testify. *Id.*

For his final claim, Maines alleges that "[t]he lower court erred by denying relief based on the existence of cumulative error." Maines' Br. at 35. He maintains the cumulative error exists in this case when looking at the alleged prosecutorial misconduct, the alleged *Brady* violations, and his claims of ineffective assistance of counsel. *See id.* Since each of these claims fails for lack of merit or of arguable merit, they do not in combination entitle Maines to relief. *See Commonwealth v. Spotz*, 84 A.3d 294, 321 n.22 (Pa. 2014)

(stating that claims that fail due to lack of merit or arguable merit cannot collectively entitle a petitioner to relief).

After a review of the parties' briefs, the certified record, and the relevant law, we find no abuse of discretion or error in the PCRA court's ruling. We thus affirm the rejection of Maines' prosecutorial misconduct and **Brady** claims, for the reasons set forth above. We affirm the denial of his ineffectiveness claims on the basis of the well-reasoned opinion of the Honorable Norman A. Krumenacker, III, which we adopt and incorporate herein. **See** PCRA Ct. Op. at 6-27.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2020