J-S46036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY JONES | : | |
| | : | |
| Appellant | : | No. 342 EDA 2020 |

Appeal from the Order Entered November 21, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009096-2013

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED: DECEMBER 29, 2020**

Stanley Jones ("Jones") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 2, 2013, while on patrol near the Somerset Subway Station in Philadelphia, a Southeastern Pennsylvania Transportation Authority ("SEPTA") police officer observed Jones urinating on the outside wall of a building. The officer approached Jones and instructed him to place his hands against the wall. The officer searched Jones, and felt what he believed to be a handgun in Jones's front waistband. Before the officer could retrieve the object, Jones fled from the officer.

The SEPTA officer chased Jones on foot, while a second SEPTA officer followed in a police vehicle. During the chase, the pursuing SEPTA officer observed Jones throw a silver object under a parked gray pickup truck. The

two SEPTA officers eventually caught Jones and placed him under arrest. The officers then searched underneath the gray pickup truck, and discovered a silver Smith & Wesson firearm.

Jones was subsequently charged with, *inter alia*, persons not to possess firearms.[1] On October 9, 2013, Jones filed an Omnibus Pre-trial Motion, requesting, in relevant part, suppression of the firearm. Following a hearing, the trial court denied the Motion with regard to suppression of the firearm.

Following a jury trial, Jones was found guilty of possession of a firearm prohibited. This Court affirmed Jones's judgment of sentence, and the Pennsylvania Supreme Court denied Jones's Petition for Allowance of Appeal. *See Commonwealth v. Jones*, 181 A.3d 1255 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 187 A.3d 205 (Pa. 2018).

Jones filed a timely PCRA Petition, *pro se*. The PCRA court appointed Jones counsel, who filed an Amended PCRA Petition. The PCRA court issued a Pa.R.Crim.P. 907 Notice of its intention to dismiss the Petition without a hearing, and subsequently dismissed Jones's Petition. Jones, *pro se*, filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Jones's counsel then filed an

---

[1] *See* 18 Pa.C.S.A. § 6105(a)(1).

amended Rule 1925(b) Concise Statement.[2]

On appeal, Jones raises the following claims for our review:

1. Whether the PCRA court erred by dismissing the PCRA [P]etition when evidence was presented that trial counsel was ineffective for failing to adequately challenge the jurisdictional authority of the [SEPTA] police, as well as the subsequent detention and arrest of [Jones][?]

2. Whether the PCRA court erred by dismissing the PCRA [P]etition when evidence was presented that [Jones]'s constitutional rights were violated by the prosecutor's improper reference[,] during closing statements[,] to facts that were not introduced into evidence[?]

3. Whether the PCRA court erred by dismissing the PCRA [P]etition when evidence was presented that [Jones]'s constitutional rights were violated by the extra-territorial actions of the [SEPTA] police[?]

4. Whether the PCRA court erred by failing to grant an evidentiary hearing[?]

Brief for Appellant at 8.

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error."  *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super.

---

[2] In its Opinion, the PCRA court indicates that it treated Jones's *pro se* Concise Statement as a legal nullity, because Jones was still represented by counsel at the time of its filing.  The PCRA court further stated that although the Concise Statement filed by Jones's counsel was untimely, it was able to address the claims raised therein. **See Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (stating that "[i]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.").  We therefore will address the issues raised by Jones.

2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.* (citation omitted).

In his first claim,[3] Jones argues that his trial counsel was ineffective by failing to "adequately" challenge the SEPTA officers' jurisdiction to stop and frisk Jones. *Id.* at 14-16. Jones concedes that his trial counsel made this argument in his Omnibus Pre-trial Motion, but asserts that his trial counsel failed to present a "competent and compelling legal argument." *Id.* at 15. According to Jones, trial counsel did not present any relevant legal precedent in support of his argument to the court. *Id.*

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [the a]ppellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa. Super. 2014). "A PCRA petitioner must address each of these prongs on appeal."

---

[3] Jones's Argument section labels and addresses his claims in a different numerical order than his Statement of Questions Involved. Specifically, claims 1 and 3 are flipped. We will refer to Jones's claims as they are referenced in his Statement of Questions Involved.

*Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hannible*, 30 A.3d 426, 439 (Pa. 2011). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Here, Jones raised the instant underlying claim on direct appeal to this Court. *See Commonwealth v. Jones*, 181 A.3d 1255 (Pa. Super. 2017) (unpublished memorandum at *1) (wherein this court quoted Jones's first claim on appeal as "[d]id not the trial court err in denying [Jones's] Motion to Suppress physical evidence where the [SEPTA] police were outside of their jurisdiction when they stopped [Jones]…."). This Court concluded that the SEPTA officers

> had jurisdiction over area surrounding Somerset Station…; [SEPTA] officers were responsible for patrolling Somerset Station and [a] two block radius around [the] Station to enforce quality-of-life-crimes; around 3:45 p.m. on February 2, 2013, two [SEPTA] officers observed [Jones] urinate in public within [a] two block radius of Somerset Station; based on [Jones's] location, [SEPTA] officers had jurisdiction to stop [Jones], and legal authority to arrest Appellant for summary offense of public urination and to perform search-incident-to-arrest of [Jones's] person….

*Id.* at *2; *see also Commonwealth v. Bloom*, 979 A.2d 368, 370 (Pa. Super. 2009) (setting forth the jurisdiction of SEPTA officers). Accordingly, since this Court has already determined that Jones's underlying claim lacks arguable merit, his ineffectiveness claim thus fails. *Charleston*, *supra*.

In his second claim, Jones argues that his constitutional right to due process was violated when the prosecutor made statements in his closing argument that were not supported by the evidence produced at trial. *See* Brief for Appellant at 13. Jones contends that, at trial, he questioned why there was no DNA evidence linking him to the firearm that he was charged with possessing. *Id.* According to Jones, the prosecutor attempted to rebut this claim by stating in his closing argument that the City of Philadelphia lacked financial resources to perform DNA testing on every case. *Id.* Jones claims that there was no evidence produced at trial to support the prosecutor's assertion. *Id.*

Here, Jones makes bald assertions that the prosecutor's statements violated his constitutional right to due process, without citing to any relevant legal authority or developing any meaningful argument. *See* Pa.R.A.P. 2119(a) (providing that an appellant's argument shall include "such discussion and citation of authorities as are deemed pertinent.") "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). It is not the role of this Court to "formulate [an a]ppellant's

arguments for him." *Id.* at 925. Because Jones failed to properly develop this claim for our review, it is waived.[4]

In his third claim, Jones argues that the SEPTA police officers violated his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, and Article 1, Section 8, of the Pennsylvania Constitution, when they stopped him without jurisdiction. *Id.*

This claim is identical to the claim underlying Jones's ineffectiveness of counsel allegation set forth in his first claim. As we discussed *infra*, Jones raised this claim on direct appeal, and this Court concluded that the SEPTA officers had jurisdiction over the area in which Jones was stopped. *See Commonwealth v. Jones*, 181 A.3d 1255 (Pa. Super. 2017) (unpublished

_____

[4] Even if Jones had developed this claim for our review, similarly to Jones's first claim, he raised this claim on direct appeal with this Court, and we found that it lacked merit. *See Commonwealth v. Jones*, 181 A.3d 1255 (Pa. Super. 2017) (unpublished memorandum at *1) (stating Jones's fourth issue on appeal as "[d]id not the trial court err in allowing the Commonwealth's attorney to argue in closing to the jury that the firearm in this case was not tested for fingerprints or DNA because of municipal funding issues … where that argument had no basis in evidence…."); *id.* at *2 (stating, in relevant part, that "Commonwealth's remark was a fair response to defense counsel's closing argument, which questioned why police did not process firearm for fingerprint and DNA evidence; additionally, Commonwealth's comment did not prejudice Appellant; further, court properly took judicial notice of funding issues in Philadelphia, which is matter of common knowledge in Philadelphia…."); *see also* 42 Pa.C.S.A. § 9543(a)(3) (stating that in order to be eligible for relief under the PCRA, the Petitioner must plead and prove "[t]hat the allegation of error has not been previously litigated or waived."). Accordingly, this claim is not cognizable under the PCRA. *See Commonwealth v. Spotz*, 47 A.3d 63, 96 (Pa. 2012) (stating that previously litigated claims are not cognizable under the PCRA).

memorandum at *2). Accordingly, this claim lacks merit, and is not cognizable under the PCRA. **See Spotz**, **supra**.

In his fourth claim, Jones argues that the PCRA court erred by failing to grant him an evidentiary hearing. Brief for Appellant at 16. Jones claims that he "raised significant instances of trial counsel's ineffectiveness," and the "PCRA court offered no analysis to indicate that every conceivable legitimate benefit was given to each claim" that he raised. **Id.**

> [A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings.

**Commonwealth v. Brown**, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted). "[A]s to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." **Commonwealth v. Baumhammers**, 92 A.3d 708, 726-27 (Pa. 2014).

Because the record reflects that Jones's arguments lack arguable merit, we conclude that the PCRA court did not abuse its discretion in dismissing Jones's Petition without a hearing. **See Brown**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/20