J-S26002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DYLAN RAY BANKO | |
| Appellant | No. 1564 MDA 2020 |

Appeal from the Judgment of Sentence entered November 25, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0000352-2018

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

JUDGMENT ORDER BY STABILE, J.:          **FILED: OCTOBER 14, 2021**

Appellant, Dylan Banko, appeals from the judgment of sentence imposed in the Court of Common Pleas of Dauphin County on November 25, 2020, following Appellant's conviction of various charges stemming from his operation of a motor vehicle on October 19, 2017. Several of the convictions include a component of driving under the influence. In his Rule 1925(b) statement, Appellant raised a Confrontation Clause issue stemming from his inability to confront the analyst who performed the blood test establishing that Appellant's BAC was over the legal limit. He also claimed insufficiency of evidence to support his convictions, but has abandoned the sufficiency claims on appeal. *See* Appellant's Brief at 6 n.1.

The trial court determined Appellant waived his issues on appeal because he failed to order trial transcripts and make them part of the certified

record on appeal. *See* Trial Court Opinion, 2/11/21, at 2-5. Although Appellant's counsel subsequently ordered trial transcripts, he did not make them part of the certified record with this Court, electing instead to include them in the reproduced record filed with this Court on June 4, 2021, when he also filed Appellant's brief.

Appellant suggests this Court should review the merits of his Confrontation Clause issue because the trial transcripts are now part of the record before us. However, Appellant ignores the fact that the transcripts are not part of the *certified* record.[1]

The Commonwealth asks us to remand to the trial court for preparation of a Rule 1925(a) opinion, "now that trial transcripts have been lodged."

---

[1] "[W]e can only repeat the well established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review.'" ***Commonwealth v.*** [***Gregory***] ***Brown***, 161 A.3d 960, 968 (Pa. Super. 2017). While we do not condone Appellant's failure to comply with the procedural rules regarding the request for trial transcripts or the obligation to ensure that all necessary materials for review are included in the certified record, we also recognize our Supreme Court's willingness to consider materials included in a reproduced record. As this Court reiterated in ***Commonwealth v. Holston***, 211 A.3d 1264 (Pa. Super. 2019) (*en banc*), "in certain circumstances, we may consider an item included in the reproduced record that has been omitted from the certified record. Specifically, where the accuracy of a document is undisputed and contained in the reproduced record, we may consider it." ***Id***. at 1276 (some citations omitted) (quoting ***Commonwealth v.*** [***Dwayne***] ***Brown***, 52 A.3d 1139, 1145 n.4 (Pa. 2012)). ***See also*** Pa.R.A.P. 1921 Note (stating "that where the accuracy of a pertinent document is undisputed, the Court could consider that document if it was in the Reproduced Record, even though it was not in the record that had been transmitted to the Court." ***Id.*** (citing [***Dwayne***] ***Brown, supra***, 52 A.3d at 1145 n.4).

Commonwealth Brief at 3. In light of the circumstances, and recognizing that we do have access to the transcripts—although not as part of the certified record, we agree that a remand is appropriate. Therefore, we remand with instruction for Appellant to lodge the transcripts with the trial court within ten (10) days of this Order so they are available to the trial court and so they can be transmitted as part of the certified record when the case returns to this Court. Further, within thirty (30) days of the filing of the transcripts, the trial court shall issue a Rule 1925(a) opinion addressing Appellant's Confrontation Clause issue only.

Case remanded. Jurisdiction retained.