J-S31041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARNOLD KING | : | |
| | : | |
| Appellant | : | No. 1938 EDA 2020 |

Appeal from the PCRA Order Entered August 13, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0510261-1979

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:              **FILED NOVEMBER 03, 2021**

Arnold King (King) appeals[1] from the August 13, 2020 order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his serial petition for relief pursuant to the Post-Conviction Relief Act.[2]  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Because King's *pro se* notice of appeal was docketed in the PCRA court on September 25, 2020, this Court issued a rule to show cause why the appeal should not be quashed as untimely filed.  King has filed two responses to the rule to show cause.  He argues that his notice of appeal was dated September 3, 2020, and he submitted prison cash slips indicating that he gave the notice to prison authorities for mailing on September 4, 2020.  The prisoner mailbox rule deems a *pro se* prisoner's legal filings as filed on the date they are delivered to prison authorities for mailing.  ***See Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011); Pa. R.A.P. 121(a).  Thus, we conclude that King's notice was timely filed and decline to quash.

[2] 42 Pa.C.S. §§ 9541 *et seq*.

Only a brief procedural history is necessary to our disposition. In 1979, King and a co-conspirator robbed a deli in Philadelphia, killing the store owner in the process. Following a non-jury trial, King was convicted of second-degree murder, robbery, conspiracy and possessing an instrument of crime.[3] He was sentenced to life in prison with a consecutive term of five to ten years' imprisonment. Our Supreme Court affirmed the judgment of sentence and King did not seek further review in the United States Supreme Court. *Commonwealth v. King*, 456 A.2d 984 (Pa. March 11, 1983) (*per curiam*). King subsequently filed five unsuccessful PCRA petitions.

King filed the instant petition, his sixth, on February 15, 2017, and filed two amended petitions. As we discuss in more detail *infra*, he pled that the petition was timely under the newly-discovered facts exception to the PCRA's jurisdictional time-bar. *See* 42 Pa.C.S. § 9545(b). The PCRA court issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 and King filed a timely response. The PCRA court subsequently dismissed the petition and King appealed. The PCRA court did not order King to file a concise statement pursuant to Pa. R.A.P. 1925 but issued an opinion in accordance with the rule.

Before considering the merits of the PCRA petition, we must first determine whether it is timely in accordance with the PCRA's jurisdictional

---

[3] 18 Pa.C.S. §§ 2502, 3701, 903 & 907.

time-bar.[4] "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); *see also* 42 Pa.C.S. 9545(b)(1). [A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional, no court may consider the merits of an untimely petition. *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

King's judgment of sentence became final in 1983 after our Supreme Court affirmed his sentence and he declined to seek further review in the United States Supreme Court. 42 Pa.C.S. § 9545(b)(3). Because he did not file the instant petition until February 15, 2017, his petition is facially untimely

_____

[4] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted). "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

and he must plead and prove one of the exceptions to the PCRA s timeliness requirements.

> There are three exceptions to the PCRA's jurisdictional time-bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, the petition invoking the claimed exception must be filed within 60 days[5] of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

King asserts that his petition is timely under the exception for newly-discovered facts. 42 Pa.C.S. § 9545(b)(1)(ii). He argues that at the time he was charged, former District Attorney Edward Rendell had not prepared or filed a designation of authority allowing former Assistant District Attorney

---

[5] As of December 24, 2018, Section 9545(b)(2) states that any PCRA petition invoking a time-bar exception must be filed within one year rather than 60 days of the date the claim first could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective Dec. 24, 2018. The amendment applies only to claims arising on or after December 24, 2017. *Id.* at § 3. Because King filed his petition on February 15, 2017, the 60-day deadline governs his claims.

Dougherty to sign bills of indictment or information. *See* 42 Pa.C.S. § 8931(i) (defining "district attorney" for filing of indictment or information as including an assistant district attorney "whose authority to act for the district attorney under this section is evidenced by a written designation executed by the district attorney. . . and filed with the clerk of the courts"). As a result, he contends that the criminal information charging him in this case, which was signed by ADA Dougherty, was illegitimate and the trial court did not have subject matter jurisdiction over the case. King further argues that the Commonwealth failed to disclose information at the time of his trial relating to the designation of authority and a prison line-up allegedly conducted with one of the trial witnesses.

In support of his claims, King avers that he submitted Right-to-Know Law (RTKL) requests in 2016 and 2017 seeking a copy of the designation of authority and records related to the prison line-up. He attached an affidavit dated December 19, 2016, to his petition in which a representative of the district attorney's office averred that the office did not keep records of designations of authority. He also submitted a letter which denied his request for the line-up information because they were criminal investigative records and exempt from disclosure under the RTKL.

To establish timeliness pursuant to the newly-discovered facts exception, "the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been

ascertained by the exercise of due diligence." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016). "Due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa. Super. 2015) (*en banc*). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015).

King baldly asserts that he exercised due diligence in seeking the above-mentioned records but does not explain the substantial lapse in time before he filed his RTKL requests. King was originally charged in 1979 and his judgment of sentence became final in 1983. He filed five PCRA petitions prior to the instant petition. He has offered no explanation for why he waited until 2016 to request the designation of authority, even though he would have been aware upon receiving the bill of information in 1979 that it was signed by ADA Dougherty. Moreover, the response King received to his RTKL request does not confirm that no designation was ever filed; it merely asserts that nearly 40 years after the fact, the office did not have any record of the designation.

Similarly, in his brief, King describes conversations with trial counsel regarding a line-up and trial testimony from the witness and a detective related to her identification of King. He does not explain why he waited until 2016 to pursue any records related to an alleged line-up, nor does he explain

why he came to believe that the witness identified him in a line-up.[6] His scant allegations do not establish that he discovered new facts related to this eyewitness or that he exercised due diligence in ascertaining those facts in the years since his trial. Because King has not pled and proven the applicability of an exception to the PCRA's time-bar, the PCRA court did not err in dismissing the petition and we are without jurisdiction to consider the merits of his claims.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/3/2021*

---

[6] King admits in his brief that the witness testified at trial that she did not identify King in a line-up.